# *Ex parte* Gray.

## *Mandamus.*

(Decided June 30, 1908.   47 South. 286.)

1. *Intervention; Party; Application and Proceedings Thereunder.*— The regular and orderly procedure in intervention is first to file an application for leave to intervene with notice to the parties to the suit, and when the allegations show cause in which intervention is proper, leave is granted; the court then examines the petition and answer, and such testimony as may be produced by affidavit or otherwise, and determines the question as to whether the petitioner shall be allowed to intervene and become a party.

2. *Same; Necessity for Leave.*—As only a party can file a cross bill, an intervention by a petition or by an original bill in the nature of a cross bill cannot be begun save by leave of the court; the right to present proper matter in a civil cause by an original bill in the nature of a cross bill depends on the leave of the court.

3. *Corporations; Action Between; Intervention of Stockholders.*— A minority stockholder in a railroad company may intervene in a suit between his company for an accounting with another railroad company where such latter company, by virtue of having acquired a majority of the stock of his company, dominates the election of its directors and dictates the management of its affairs; and where the suit was brought by the directors of his company in accordance with

[Ex parte Gray.]

such stockholder's request, if they are not prosecuting the same in good faith, and his interests are likely to be sacrificed unless he is permitted to intervene, which facts have come to his knowledge since his request to the directors to sue he may intervene; but since intervention is allowed only for the purpose of presenting any matter and demanding any investigation which the court might deem necessary to protect the interests of himself and other minority stockholders, he cannot intervene for the purpose of dominating the litigation.

4. *Costs; Attorney's Fees; Intervenors.*—A minority stockholder intervening in a suit between his company and another on the grounds that the directors of his company were not prosecuting the same in good faith, and that his interests would be sacrificed without his intervention, is not entitled to be allowed attorney's fees out of the general fund, since his appearance relates only to his own personal interest.

Original petition in Supreme Court.

Petition by Henry B. Gray for a writ of mandamus to the chancellor of the northwestern chancery division to permit him to intervene in a cause pending in his court. Writ denied.

PHARES COLEMAN, and S. H. DENT, JR., for petitioner. The petitioner, Gray, is not suing for the South & North Alabama Railroad Company; but for himself and other minority stockholders.—See *E. T. V. & G. R. R. v. Grayson*, 119 U. S. 240; *Central R. R. of N. J. v. Mills*, 113 U. S. 249. He seeks protection, as a stockholder, from the illegal acts of his own company, as well as the others. Intervention is either by petition or complaint.— *Rosenbaum v. Adams*, 61 Iowa 382; *Dullard v. Phelan*, 83 Iowa 471; *People v. Talmage*, 6 Cal. 256; *Ward v. Healey*, 114 Cal. 191; *Drennen v. Mercantile Trust & Dep. Co.*, 115 Ala. 592; *Grovel v. Foutch*, 6 Colo. App. 357; *Shepard v. Murray County*, 33 Minn. 519; *Clapp v. Phelps*, 19 La. Ann. 461. Such petition or complaint must show affirmatively by averment that the rights of the applicant are involved in the cause which is being litigated, and that he is entitled to the relief he asks.— *Smith v. Allen*, 28 Tex. 497; *People v. Talmage*, 6 Cal. 256; *Ward v. Healy*, 114 Cal. 191; *Shepard v. Murray*,

33 Minn. 519; *Clapp v. Phelps*, 19 La. Ann. 461, where it is stated, "Intervenor must set out his demand as explicitly as a plaintiff;" *Horn v. Volcano Water Co.*, 13 Cal. 62, 73 Am. Dec. 569; *Ex parte Jordan*, 94 U. S. 248. When a petition for intervention is filed, the petitioner submits himself to the jurisdiction of the court, and assumes the position of plaintiff against those who are called upon to answer his complaint in intervention; and is subject to all the rules which regulate pleading and practice between plaintiffs and defendants in similar cases.—11 Encyc. Pl. & Pr. p. 495; *Braithwaite v. Aken*, 3 N. Dak. 365; *Continental Nat. Bank v. Weems*, 69 Tex. 489; *French v. Gapen*, 105 U. S. 525; *Bayliss v. LaFayette, &c., R. R. Co.*, 8 Bissell (U. S.), 193, 194, 196. Right of beneficiary under a trust to intervene in suit by or against trustee: See 2 Beach on Mod. Eq.; 16 Cyc. 202—2 notes; *Clyde v. R. & D. R. R. Co.*, 55 Fed. Rep. 448; and authorities cited; *Gunderson v. Illinois Trust &c. Bank*, 110 Ill. App. 461; *Richards v. R. R. Co.*, 1 Hughes 28; *Cather v. City of N. O.*, 19 Fed. 659; 1 Dan. Ch. 287, note 2; 2 Story Eq. Pl. Sec. 220; *Drew v. Harman*, 5 Price 319; *Farmers L. & Tr. Co. v. Missouri, &c., R. R. Co.*, 21 Fed. 264; *Fid. & Tr. & Sav. Vault Co. v. Mobile Str. Ry. Co.*, 53 Fed. 850. It has been expressly decided in the state of Alabama that mandamus will lie to compel a chancellor to allow a third party to intervene in a chancery suit.—*Ex parte Breedlove*, 118 Ala. 172; *Reynolds v. Crook*, 95 Ala. 570; See, also, *Ex parte Printup*, 87 Ala. 148; *Taber v. Insurance Co.*, 124 Ala. 681.

WALKER PERCY, and FRED S. BALL, for respondent. The mere filing of a petition to be made a party in the pending suit does not operate to make the petitioner a party.—*In re Doyle*, 14 R. I. 45; *Walters v. Chinchester*, 84 Va. 723; *Piedmont v. Maury*, 75 Va. 508; *Ex*

*parte Cutting,* 94 U. S. 14; 1 Beach on Modern Eq. Prac. 580. So, in determining his rights, he must be treated as a stranger.—*Printup's Case,* 87 Ala. 153, and cases cited. The liberal principles as to the scope of the mandamus allowed in this jurisdiction can be invoked only by a party to the proceedings, not by a stranger.—*Garrison v. Webb,* 107 Ala. 499. Counsel discuss other matters and cite the following additional authorities on the various phases of the use of the writ of mandamus.— *Ex parte Haynes,* 92 Ala. 120; *Ex parte Colley,* 140 Ala. 193; *Ex parte Merritt,* 142 Ala. 115; *Ex parte Wellden,* 148 Ala. 429; *Ex parte Jones,* 133 Ala. 214.

SIMPSON, J.—This is a petition for a writ of mandamus to the chancellor of the Northwestern division, requiring him to vacate and annul a decree refusing to allow petitioner to intervene in a suit, pending in said chancery court, of the South & North Alabama Railroad Company against the Louisville & Nashville Railroad Company, and directing said chancellor to render a decree authorizing and allowing petitioner to intervene in said suit, as prayed in his petition filed in said case.

The substance of the petition for intervention is that petitioner is a minority stockholder in said South & North Alabama Railroad Company, which was originally incorporated to construct and operate a railroad from Decatur, Ala., to Montgomery, Ala.; that in 1871 said Louisville & Nashville Railroad Company commenced to purchase the stock of said South & North Alabama Railroad Company, and finally acquired 90 per cent. of said stock; that by virtue of owning said stock it has dominated the election of directors, etc., and practically dictated the policy and management of the affairs of said South & North Alabama Railroad Company; that the suit into which petitioner seeks to intervene was filed by said South & North Alabama Railroad Company for

an accouting with the said Louisville & Nashville Railroad Company; that said suit was brought by the directors of said South & North Alabama Railroad Company in accordance with a request made of them by the petitioner on February 27, 1905, but that said directors are not prosecuting said suit in good faith, but the same is simulated, and the interests of the minority stockholders will be sacrificed unless petitioner is permitted to intervene in their behalf. The petition goes further into details, alleging that no separate accounts were kept between the said railroad companies, etc., "as grounds and reasons why the directors of the South & North Alabama Railroad Company should not be allowed to control and dominate this litigation" and why a receiver should be appointed. The petitioner prays that he be allowed to intervene, and that he be made plaintiff, in behalf of himself ond other minority stockholders, and, after propounding a number of interrogatories to the two railroad companies, prays that the register take and state an account between said railroad companies, etc., that a receiver be appointed of all the property of said South & North Alabama Railroad Company, etc., and that a reasonable fee be allowed the petitioner's solicitors.

The petition to this court for mandamus sets out said original petition and the action of the court therein, as also the exceptions thereto, and prays for the annulment of the decree refusing to allow petitioner to intervene and that the chancellor be directed to render a decree allowing said intervention. The answer of the chancellor to the rule nisi sets out, by exhibit, the pleadings and proceedings in the case of *South & North Alabama Railroad Company v. Louisville & Nashville Railroad Company,* showing that on March 10, 1905, further proceedings therein were enjoined; that after the disso-

lution of said injunction, towit, on June 4, 1907, the answer of the Louisville & Nashville Railroad Company was filed, and amended on June 11, 1907, and the petition for intervention was filed June 26 1907, etc.; that a motion to strike, and exceptions to said petition, were filed, and that the matter was continued, from time to time, until September 25, 1907, when it was continued to October 11 1907, "counsel for said Henry B. Gray desiring additional time to prepare affidavits in support of said petition"; that after several rulings, pro and con, on exceptions and pleas, on March 6, 1908, the cause was submitted on the petition to intervene, the motions to strike, exceptions to the petition, the pleadings, and a number of affidavits submitted by the railroad companies—said petitioner offering no affidavits. The court overruled the motions to strike but "upon further consideration  *  *  *  held that a proper showing has not been made that the directors of the complainant, the South & North Alabama Railroad Company, have not prosecuted this cause in good faith." Accordingly the petition was dismissed without prejudice.

There seems to be some confusion in the minds of the profession as to the proper practice in cases of intervention. The greater number of the cases in the books, including those referred to by counsel, are based upon statutes in the various states providing for intervention. It seems that the regular and orderly course of procedure is first to file an application for leave to file a petition of intervention, of which the parties to the suit should have notice. This is determined from the face of the application. If the allegations of the application show a case in which intervention should be allowed, the leave is granted. The petition for intervention is then filed, on which the court examines the petition and answer, and such testimony, by affidavit or

otherwise, as may be produced, and determines the question as to whether the petitioner shall be allowed to intervene and become a party to the suit.—11 Ency. Pl. & Pr. 504; 16 Cyc. 203; *Piedmont & A. Lifs Ins. Co. v. Maury, et al.,* 75 Va. 508, 512-513.  While in the present case the course above indicated was not literally pursued, yet, the whole matter being submitted at once, the motions to strike the petition brought up the same question which would have been raised if the petition had been only for leave to file a petition for intervention. These motions the court overruled, and then proceeded to decide the case on its merits—concluding that the petitioner did not show such a state of facts as entitled him to be made a party to the suit.  It has been held by other courts that a decree of this kind is a final decree in the matter of intervention, and is reviewable on appeal.—11 Ency. Pl. & Pr. 511; *Stitch v. Goldner,* 38 Cal. 608-610; *Eccles v. Hill,* 13 Tex. 65.

The practice of interventions, which has grown up in our equity courts, seems to have been borrowed from the civil law, and Mr. Beach says:  "Intervention is the generic designation in the civil law of the various technical processes by which, when a suit is pending between two parties, a third party is allowed to interpose for the assertion of some collateral, implicit, or ulterior right, adverse to that of either or both of the others, or to defend a responsibility involved in the issue of the controversy. * * * No one, even in equity, is entitled to be made a party to the suit, unless he has an interest in its object; yet it is the common practice of the court to admit strangers to the litigation, claiming an interest in its subject-matter, to intervene in their own behalf, to assert their title."—1 Beach, Modern Eq. Pr. § 571.  Our own court has recognized the right of intervention, but held that a stranger could not intervene for the purpose of

defeating the entire suit, nor for the purpose of litigating with the complainant his right or title to any relief; also that, if it is desired to set up new and independent claim, it must be done by an original bill in the nature of a cross-bill.—*Renfro Bros. v. Goetter, Weil & Co.,* 78 Ala. 311, 313-315. In a later case, after considering previous cases on the subject, this court declared that the general rule is that it is not allowable to make a party defendant to a bill over the objection of the complainant, and that there are but two exceptions to that rule, towit, one growing out of trust relations, the cestui que trust not being a party, and showing that it is necessary to make him a party to protect his interests, and the other where there is a fund in court to be distributed, of which the intervener is entitled to a share.—*Ex parte Printup,* 87 Ala. 148, 150, 6 South. 418. It is also stated in this case that if "a person, not a party to a pending suit, between whom and the plaintiff there is no privity, but who has a claim or lien on the property, or is interested in the subject-matter of the suit, desires for his own protection to present his new claim, to assert his independent right, and raise new issues, he must do so by a formal bill, containing appropriate allegations— an original bill in the nature of a cross-bill, or a supplemental bill, as the case may be."—87 Ala. 153, 6 South. 419.

The record in the *Printup Case* does not show distinctly just what position the intervener occupied. In one place it is stated that "unsecured creditors sought to intervene to defeat foreclosure," and in another part of the opinion it is stated that, "in so far as it is sought to intervene here in the capacity of stockholders of the Rome & Decatur Railroad Company," the position of petitioners finds support in the case of *Bronson v. La*

*Crosse R. R. Co.,* 2 Wall. (U. S.) 283, 17 L. Ed. 725, and states that that case "is opposed to all other adjudications on the point and we cannot concur in it." In the *Bronson Case,* R. and F., who were stockholders in the Milwaukee & Minnesota Company, charged collusion between the directors of their corporation and the opposing party to foreclose a mortgage and extinguish the rights of said corporation, and they asked that they be permitted to defend the bill "on the part of said company." The court so allowed. The Supreme Court of the United States, while not allowing the defense made by the intervenors to bind the company, yet said: "Undoubtedly, in the case supposed, it would be a reproach to the law, and especially in a court of equity, if the stockholder were remediless. But in such a case the court in its discretion will permit a stockholder to become a party defendant for the purpose of protecting his own interests against unfounded or illegal claims against the company," etc. 2 Wall. [U. S.] 302, 17 L. Ed. 725) ; and the answer of the intervenors was so taken, and their defense held to be independent of the company and of the directors. There is nothing in the *Printup Case* to indicate that there was any claim on the part of the stockholders that the directors of the corporation were not properly representing their interests. Hence we infer that the disapproval in that case of the principles of the *Bronson Case* is based on the facts of the *Printup Case* as it was then before the court, and would not apply to a case where fraud and collusion is alleged, so that the interests of the minority stockholders are liable to be sacrificed.

It is undoubtedly true that a stockholder cannot intervene, merely because he is a stockholder, if he is being properly represented by the constituted officers of his company; but inasmuch as their interests will be

bound by the results of the litigation, if they can show that their interests will be sacrificed by the fraudulent acts or omissions of the creditors of the company, the minority stockholders have a right to intervene and be made parties to the suit, not, however, for the purpose of displacing the directors and dominating the litigation, but only for the purpose of protecting their own interests, and demanding that such proceedings be had as will protect them.—*Bayliss v. L., M. & B. Ry.,* 8 Bliss. 193, 196, 197, Fed. Cas. No. 1,140; *Gunderson v. Ill. Tr. & Sav. Bank,* 100 Ill. App. 461, 469; 16 Cyc. 201, 202; 1 Beach, Modern Eq. Pr. § 575. This is not opposed to the *Printup Case,* but is analogous to the "trust relation" therein referred to as one of the exceptions; the directors occupying the relation of trustees to the stockholders, so that the decision of the case would bind the latter.

We hold, then, that if the allegations of the petition had been sustained, and it had been alleged and shown that the facts came to the knowledge of the petitioner only since he requested the directors to bring suit, the petitioner would have been entitled to intervene—not, however, for the purpose of displacing the directors and dominating the litigation, but only for the purpose of presenting any matter and demanding any investigation or proceeding which the court might deem necessary to protect the interests of the minority stockholders who may choose to join with him. As his appearance relates only to his own interests, no attorney's fee would be allowable out of the general fund. An examination of the evidence submitted shows that the chancellor was not in error in holding that the allegations of the petition were not sustained.

Whether the intervention is by petition, or by an original bill in the nature of a cross-bill, it must be initiated

by the leave of the court to file the same, for no one but a party can file a cross-bill, and the right to present proper matter in a pending case by an original bill in the nature of a cross-bill depends upon the leave of the court.—16 Cyc. 329, and note. This court has in several cases recognized mandamus as the proper remedy where intervention has been denied.—*Ex parte Breedlove,* 118 Ala. 172, 24 South. 363; *Ex parte Printup,* 87 Ala. 148, 6 South. 418; *Reynolds v. Crook,* 95 Ala. 570, 11 South. 412. The point was not presented to the court in those cases, both parties seemingly to agree that mandamus was the proper remedy. While it seems to us that appeal is the proper remedy, yet, without deciding that point, the chancellor correctly decreed on the petition under the proof; and in view of the importance of the case we have deemed it best to discuss the case in all of its aspects, for the future guidance of the courts.

The writ of mandamus is denied.

TYSON, C. J., and HARALSON and DENSON, JJ., concur.