# Weller & Sons *v.* Rensford, *et al.*

### *Bill to Intervene.*

(Decided Jan. 13, 1910.    51 South. 344.)

1. *Parties; Intervention; Leave of Court.*—A court will not be put in error for dismissing a petition to intervene, made upon motion of a party to the suit where the party seeking intervention did not obtain leave to file the petition.

2. *Appeal and Error; Decision Reviewable.*—An appeal may be prosecuted from a decree denying intervention.

3. *Same; Review; Persons Entitled; Creditors.*—Where the chancery proceedings involved matters relating to an estate and the chancery court had acquired jurisdiction to the extent of consider-

ing the removal and to stay proceedings in the probate court, but had made no decree of removal and had entered no order for a settlement, creditors who had filed claims against the estate with the register, and whose counsel had assisted in the chancery proceedigs and joined in the motion for a receiver, had not become such parties to the suit as to be entitled to complain on appeal of the decree rendered thereon under section 2837, Code 1907.

APPEAL from Jefferson Chancery Court.

Heard before Hon. A. H. BENNERS.

Certain parties filed a bill in the chancery court against Harry Rensford, et al., to compel a removal of the estate of his decedent from the probate to the chancery court, and for the appointment of a receiver. Weller & Sons were creditors of the estate and had filed their claim with the register in chancery, but were not parties to the cause in the chancery court, although counsel representing them had assisted in the preparation of the suit in the application for a receiver. Weller & Sons sought to intervene, but on motion their application was dismissed and they appeal. Affirmed.

STERLING A. WOOD, and MARTIN A. ROYSTON, for appellant.—On the removal of causes from one court to another, the time when jurisdiction attaches seems to depend upon whether the jurisdiction of the court to which the cause is removed is concurrent with or auxiliary to that exercise by the other court. In removal of causes in this state from the probate to the chancery court, the jurisdiction is concurrent.—*Roy v. Roy,* 48 South. 793. Hence, the jurisdiction attached on the filing of the bill.—*People v. Hock,* 150 N. Y. 291; *Santa Barbara v. Eldred,* 95 Cal. 378; *Brown v. Murray,* 43 Fed. 614. Complainant was a creditor and could have maintained his bill as a matter of right without the averment of any special equity.—*Rensford v. Magnus & Co.,* 150 Ala. 292. Matters of intervention are not matters of technical nicety or accuracy.—*A. P. I.*

*S. W. Co. v. German,* 126 Ala. 240; Sims' Chan. Pr.
Sec. 683. Appeals may be had from decrees denying
intervention.—*Thornton v. Highland,* 94 Ala. 353. The
fiiling of the claim was a suit or action.—*Reynolds v.
Crook,* 11 South. 412; Weller & Sons were quasi par-
ties if not actual parties, and the court erred in dis-
missing their petition.—*Ex parte Jones,* 133 Ala. 212;
Sims Chan. Pr. sec. 682.

ROBERT N. BELL, for appellee.—A party may dis-
miss his suit although brought on behalf of himself and
others without the consent of the others before decree
rendered.—6 A. & E. Ency. P. & P. 853. The applica-
tion made by Weller & Sons was not sufficient to au-
thorize the court to admit them as parties.—*Gibson v.
Trobridge,* 96 Ala. 357. The court therefore, properly
dismissed the intervention.—*Smith v. Alexander,* 87
Ala. 389.

ANDERSON, J.—The various petitions filed by the
appellants were not in form or substance petitions for
leave to intervene. They in effect assumed that the ap-
pellants were in court, and sought to have certain
things done in the premises. The first petition was to
require the respondent to file his account and vouchers
and make a settlement; the second was a mere protest
against granting a motion made by the respondent; and
the third was in no sense a proper petition for leave to
intervene. It did ask for a further prosecution of the
cause, and that appellants be substituted, if necessary,
for the original complainants, or made parties there-
to. It may be that this last petition was intended as
one for intervention, notwithstanding it asks for many
other things; but it does not appear that leave was first
asked or obtained to file same. "A party desiring to

intervene should first obtain leave from the court to file his petition."—11 Ency. Pl. & Pr. 504; *Ex parte Gray*, 157 Ala. 358, 47 South. 286. It not appearing that leave was obtained to file these petitions, the chancellor will not be put in error for dismissing same, upon motion of the respondent to strike or dismiss said petition.

It is true, that an appeal may be prosecuted from a decree denying intervention.—*Gray's Case, supra; Thornton v. Highland*, 94 Ala. 353, 10 South. 442. But inasmuch as we hold that the chancellor did not err in not letting the appellants intervene, the next question which arises is: Are the appellants in such a position as to assign error or complain of the decree in dismissing the bill? Only parties or privies to a judgment can appeal therefrom or assign errors as to same.—Code 1907, § 2837; *Reese v. Nolan*, 99 Ala. 203, 13 South. 677; *Birmingham Co. v. First National Bank*, 100 Ala. 250, 13 South. 945, 46 Am. St. Rep. 45. The appellants insist, however, that they were parties, that the chancery court had acquired jurisdiction to administer the estate, that they were creditors, and had filed a claim with the register. It may be that the chancery court had acquired jurisdiction to the extent of considering the removal and to stay proceedings in the probate court pending such consideration.—*Tygh v. Dolan*, 95 Ala. 271, 10 South. 837. But creditors who were not parties to the original suit did not or could not become parties by merely propounding their claim, until there was a formal order or decree of removal and the settlement ordered.

It is also insisted that appellants' counsel appeared in court and assisted the complainants' counsel in the prosecution of the cause, and joined in the motion for the appointment of a receiver. "In a suit in equity, as

to defendant parties, only those against whom process is prayed are made parties."—*Passmore v. Ellington,* 122 Ala. 564, 26 South. 145, and authorities cited. Nor can a party become a plaintiff who did not join in the original suit, except in proper cases, by an appropriate petition and intervention; but even then he is not made a party, until made so by the order of the court. —*Passmore's Case, supra.* There is nothing in the record to indicate that the appellants became parties to the proceedings under any order of the court, or that they were accepted or treated as parties to the cause. The action of counsel may have been intended as a protection of the rights of the appellants, by letting the complainants bear the burden of the cost in case of an adverse decree; but it was no appearance, other than in the guise of an amicus curiæ, and appellants are in no position to complain of the action of the court in declining to adopt the friendly suggestions of their counsel.—*Birmingham Co. v. First National Bank,* 100 Ala. 249, 13 South. 945, 46 Am. St. Rep. 45.

Affirmed.

DOWDELL, C. J., and SAYRE and EVANS, JJ., concur in the conclusion and the affirmance of this case, but do not wish to be understood as holding or intimating that these appellants had the right to intervene, whether they proceeded properly to do so or not.