# W. L. Weller & Sons v. Rensford.

## Assumpsit.

(Decided January 13, 1914.   64 South. 366.)

1. *Appeal and Error; Review; Questions Presented.*—Where the motion to strike a plea and the rulings thereon is not shown by the bill of exceptions, the court's action thereon cannot be reviewed on appeal.

2. *Pleading; Demurrer; Grounds.*—A demurrer must specify the defects in the pleading attacked, and unless it does so, it is properly overruled.   (Sec. 5340, Code 1907).

3. *Same; Motion to Strike; Form.*—Although it is the better practice to file written motions to strike pleadings, it is not necessary for such motion to be in writing.

4. *Same; Allowance.*—Under section 5322, Code 1907, exhibits filed to pleading which do not aid such pleading are properly stricken on motion.

5. *Executors and Administrators; Claims; Presentation; Time.*—Under sections 2590, and 2593, Code 1907, a claim against a decedent's estate may be duly presented by a personal presentation to the administrator.

6. *Same.*—Under section 2593, Code 1907, there is no authority to present a claim against a decedent in the probate court, nor can it be presented in a court of chancery.

7. *Same; Mode.*—The filing of a suit on a claim against an estate of a decedent is a sufficient presentation of a claim to the administrator under section 2593, Code 1907 ; mere knowledge of the existence of a claim on the part of the executor or administrator will not prevent the operation of the statute of non-claim.

8. *Same; Sufficiency.*—The filing of a petition to be allowed to intervene in a suit against the administrator of a decedent upon a claim due from decedent is not sufficient as a presentation of the claim, where the petition for intervention is denied.

9. *Same; Burden of Proof.*—In a suit on a claim against a decedent the person bringing the suit has the burden of proving presentation to avoid the bar arising from failure to present within twelve months after accrual or the grant of letters of administration.

APPEAL from Jefferson Circuit Court.

Heard before Hon. E. C. CROWE.

Action by W. L. Weller & Sons against Harry Rensford, as administrator in assumpsit for a claim against

his decedent. Judgment for defendant, and plaintiffs appeal. Affirmed.

Plea 6a is as follows: "Said account upon which this suit is based is barred by the statute of nonclaim, because the same was not presented within 12 months after the grant of letters of administration on said estate, by filing the same and a statement thereof in the office of the judge of probate of Jefferson county, in which office letters were granted, and having the same docketed with the note of the time of such presentation, properly verified by the oath of the claimant, or of some person having knowledge of the correctness of the claim stating that the amount claimed is justly due, or to become due after allowing all proper credits."

The demurrers to plea 6a were as follows: "For that the probate court of said county is not the only court having jurisdiction of the same; for that the said administration may have been by bill filed in the chancery court pending therein; said plea does not show that the administration of said estate is not removed or attempted to be removed to the chancery court, and that, while there pending, the said claim was not filed as required by law; said plea does not show that the probate court was the only court having jurisdiction thereof in which the said estate of said decedent was or had been pending."

STERLING A. WOOD, and CLEMENT R. WOOD, for appellant. Pleas 3a and 6a should have been stricken.—Sec. 5322, Code 1907; *Powell v. Crawford*, 110 Ala. 294; *Williamson v. Meyer Bros.*, 117 Ala. 253. The court erred in permitting defendant to orally plead.—*Crawford v. State*, 112 Ala. 1; *Todd v. Todd*, 15 Ala. 743. The court erred in striking the exhibits from the replication as they showed a presentation of this claim to

[W. L. Weller & Sons v. Rensford.]

the administrator by showing an attempt to intervene and litigate the claim in a chancery suit against this same administrator.—Secs. 2590, 2593, Code 1907; *Allen v. Elliott,* 67 Ala. 432; *Smith v. Fellows,* 58 Ala. 467. The court should have permitted the jury to pass upon whether or not the claim was properly presented. *Frazer v. Prater,* 36 Ala. 691; *Baker v. Patterson,* 55 South. 135. An account itemized and verified is prima facie correct and admissible.—*Byrd v. Jones,* 84 Ala. 341. Counsel discuss other matters not touched on in the opinion.

ALLEN & BELL, for appellee. A reading of the cases of *Rensford v. Magnus,* 150 Ala. 288, and *Weller v. Rensford,* 164 Ala. 312, will serve to clear up a situation which on this record appears to be a mountain of difficulties. The motion to strike a plea is not the proper mode of objecting to its sufficiency.—*Troy v. Potter,* 139 Ala. 359. The law requires the filing in the office of the judge of probate of a claim against decedent, and a filing in the probate court or the chancery court is not sufficient.—Sec. 2593, Code 1907. The exhibits to the replication showed an attempted intervention in an attempt to litigate this claim in another case, which was not a proper presentation as it was denied, and this rendered the replication prolix and frivolous, and hence, subject to motion to strike.—Sec. 5322, Code 1907; *Armour v. Veitch,* 39 South. 680; *Carter v. Fisher,* 127 Ala. 52. The presentation of the claim was not sufficient as set up in the replication, and hence, demurrers were properly sustained to them.—*Floyd v. Clayton,* 67 Ala. 265. The burden was on plaintiff to show a legal presentation of the claim.—*Kornegay v. Mayer,* 135 Ala. 141. Motions are not pleadings, and need not be reduced to writing.—*State v. Commissioners,* 146 Ala. 439.

McCLELLAN, J.—The action, instituted April 10, 1908, is by the appellants against appellee, and seeks the recovery of an indebtedness created by appellee's intestate, Tom Rensford, in the purchase of liquors, etc., from appellants for intestate's saloon business in the city of Birmingham. Tom Rensford died in March, 1906, and Harry Rensford was constituted the administrator of his estate April 3, 1906. The judgment below was in favor of the defendant. Apart from other questions argued for appellants, the result on this appeal is determinable upon the considerations to be stated.

In response to every count of the amended complaint, the defendant interposed plea 6a. It will be set out in the report of the appeal. This plea was a *partial* assertion of the plaintiffs' failure to *present,* within 12 months, the claim against intestate's estate under the general requirement to that end prescribed in Code, § 2590. The chief assertion of the plea is that the claim or a statement thereof was not filed in the probate office as Code, § 2593, allows to avert the bar provided in Code, § 2590. While the plea is not immaterial on its face, it is manifestly defective as a plea of nonclaim under the statutes noted above, for that its averments do not exclude personal presentation thereof to the administrator as decisions here have considered effectual. But, as will later appear, there was no ground of demurrer taking this objection to the plea (6a).

The plaintiffs made a motion, which is set out alone in the record proper, to strike plea 6a on the ground that "the same matter has already been set up by pleas 3, 4, and 5a of defendant." It appears from the judgment entry *alone* that the motion was overruled. The motion and ruling thereon not being shown in the bill of exceptions, the matter is not reviewable on appeal.— *Lynn v. Bean,* 141 Ala. 236, 244, 37 South. 515, and

cases therein cited. See, also, *Davis v. L. & N. R. R. Co.*, 108 Ala. 660, 18 South. 687.

The demurrer to plea 6a consisted of four grounds. It is difficult to understand the theory the demurrant intended to point out in these grounds, unless it was that claims against estates of decedents might be *presented* in the chancery court as well as in probate court, since, for purposes of administration of estates, their jurisdictions are concurrent. The statute (Code, § 2593) contemplates, as an alternative, presentation by following a certain process in the probate office." No provision for presentation to the "probate court" is made, and none for presentation to the chancery court, in the sense the demurrant seems to have had in mind. No ground of the demurrer took the point before indicated. Our statute (Code, § 5340) requires specification in respect of objections to pleadings. None of the grounds assigned were at all apt. The court did not err in overruling them.

To plea 6a plaintiffs filed special replications 1 and 2. No general replication to plea 6a appears in the record. The substance of these special replications was that, in certain litigation (which will be found fully stated in *Rensford v. Magnus,* 150 Ala. 288, 43 South. 853, and in *Weller v. Rensford,* 164 Ala. 312, 51 South, 344) instituted by Magnus & Co. against Harry Rensford, administrator, and others, the plaintiffs (appellants here) filed papers stating the nature, amount, etc., of the claim now sued on, and also filed papers intending the joinder of appellants in the petition of Magnus & Co. for a receiver in said cause, which papers fully described the said claim now sued on, and from this premise, in the first special replication, averred "that said account was presented to the said administrator, or filed in court as required by law, all of which was duly

known to the said administrator, or the said administrator was charged with notice thereof," and from the like premise, and in reiteration of the averments appearing in the first special replication, in the second special replication, averred that there was much litigation in the cause, that the administrator appeared therein, as did the plaintiffs (appellants here), that appellants filed the said petition to join in the application for a receiver, "and that subsequently, and while said cause was pending therein, these plaintiffs further appeared in said court, and on, to wit, November 15, 1906, filed their petition and claim therein in manner and form required by law, * * * and that thereby their said claim was duly presented to the said estate, and filed in manner and form as required by law." As exhibits to these replications, authenticated copies of the papers, etc., referred to in them were filed. On defendant's (appellee) verbal motion these exhibits were stricken from the pleading. Motions are not imperatively required to be in writing, though in such circumstances as here appear it is better that they be reduced to writing. Whether they should be written is a matter within the discretion of the trial court. Motions of the character here presented are not pleadings.—*Commissioners' Court of Chilton County v. State ex rel. Ry. Co.,* 146 Ala. 439, 442, 41 South. 463.

The matter contained in these exhibits, covering four pages of this transcript, was surplusage. The averments of the replications drew no strength from them. The matters of facts relied on to show *presentation* were as amply averred without as with the contents of the exhibits. There was no error in sustaining the motion to strike.—Code, § 5322.

To the special replications, defendant separately demurred. The court sustained the demurrers.

The law of this state with respect to the proper presentation of claims against the estates of decedents has been too often stated to require extended repetition at this time. The annotated statutes and digests of decisions render it completely accessible.

It is clear from the replications that no reliance was placed upon a filing in the probate office of the claim sued on. The only other means of presentation left to be availed of is that comprehended in the term, "personal presentation to the administrator." Within this descriptive phrase is included such acts in the premises as definitely brings the claim against the estate of his intestate to his particular attention, and manifests a purpose to enforce payment thereof against the estate. Suit upon the claim or demand against the personal representative is of this class, and when suit is instituted within the statutory period, and continuously presented, that operates a *presentation* of the claim sued on.

"Mere knowledge of the existence of a claim on the part of an executor or administrator, no matter how full and complete it may be, will not prevent the operation of the statute of *nonclaim.*"—*Allen v. Elliott,* 67 Ala. 432.

It appears from the special replications that the plaintiffs (here) were not parties to the litigation therein mentioned. They sought to be let in to litigate.—164 Ala. 312, 51 South. 344. This was denied them. Obviously what they there did, or undertook to do, did not constitute a suit *on their claim.* So the proposition of the replications is resolved into the theory the pleader therein plainly manifested, viz.: That mere notice, not *actual* presentation, to an executor or administrator of a claim against the estate in his care is a *presentation,* if such notice is effected within the statutory period.

The quotation (ante) from *Allen v. Elliott* is opposed to the theory. These decisions, and others might be added, require the like conclusion: *Floyd v. Clayton,* 67 Ala. 265; *Smith v. Fellows,* 58 Ala. 467.

The counsel for appellants attaches undue importance, as well as misinterprets, the word "impliedly," as employed by Judge Stone, on page 472, in *Smith v. Fellows.* The effect of the strong language elsewhere used, in this connection, in that case entirely refutes any notion that there may be an effective *presentation* as the result of *implication.* The term "impliedly," as there used, has reference only to the claimant's purpose to look to the estate for payment of his claim. Anterior to that—in order to effect a valid presentation— the claim must "be brought to the attention of the personal representative" in such sort as to accomplish the object the statutes intend. It appears from the replications that this essential drawing of the claim to the particular attention of the administrator is asserted to have been effected only by reason of the fact that the claim was filed in the cause mentioned—a cause to which the administrator was a party respondent. The alternative in the averment quoted before from the first replication gives unmistakable evidence of this. The other replication is less effectual for its purpose, for that, aside from a general statement, as from the premise of fact therein laid, that the claim was presented as required by law, it is averred that the claim was duly presented *to the estate,* and filed as required—a very distinct act from one that imparts presentation to the personal representative.

There is no authority, statutory or otherwise, for the effectuation of a valid *presentation,* to avert the bar of the statute, of a claim against a decedent's estate by simply filing it, however complete the statement of it,

in the chancery court.   The demurrers to the replications were properly sustained.

The court gave, for the defendant (appellee) charge 12, as follows: "If you believe the evidence in this case, you should find for defendant on his plea 6a." The respective counsel treat this as the general affirmative charge for the defendant.   Such was its effect.   The burden of proof was upon the plaintiff to show presentation to avert the bar of nonclaim asserted in plea 6a. —*Mitchell v. Lea*, 57 Ala. 46; *Kornegay v. Mayer*, 135 Ala. 141, 33 South. 36.   The bill purports to contain all the evidence.   On the evidence shown, the plaintiffs did not discharge the burden to show *presentation*, to avoid the bar as pleaded in plea 6a.   Hence the court did not err in giving, at defendant's request, charge 12.

The judgment must be affirmed.

Affirmed.

ANDERSON, SAYRE, and SOMERVILLE, JJ., concur.