(90 South. 871)

STEAGALL v. SLOSS–SHEFFIELD STEEL & IRON CO. (6 Div. 259.)

(Supreme Court of Alabama. Oct. 20, 1921.)

**1. Master and servant ⬤═412—Compensation judgment reviewable on certiorari.**

A party to a proceeding under the Workmen's Compensation Act cannot appeal from a judgment of the circuit court; the sole remedy being by certiorari.

**2. Appeal and error ⬤═792—Appeal of which the court has no jurisdiction dismissed ex mero motu.**

An appeal of which the court is without jurisdiction, which may not be waived by consent, will be dismissed ex mero motu.

Appeal from Circuit Court, Jefferson County; J. C. B. Gwin, Judge.

---

⬤═For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes

Application by Sallie Steagall for compensation under the Workmen's Compensation Act, for the death of her husband, Alpha Steagall, while in the employ of the Sloss-Sheffield Steel & Iron Company. From the amount awarded, and judgment thereon rendered, Sallie Steagall appeals. Appeal dismissed.

See, also, 205 Ala. 100, 87 South. 787.

Mathews & Mathews, of Bessemer, for appellant.

The defendant's answer was subject to the demurrers interposed. 103 Ala. 497, 15 South. 741; 41 Ala. 310; (Ala. Sup.) 31 South. 109; Gen. Acts 1919, p. 228. The court should have rendered judgment for the amount accrued. 14 C. J. 723–727; Gen. Acts 1919, p. 225.

Tillman, Bradley & Baldwin, of Birmingham, for appellee.

... relief ... is by certiorari and not by appeal. Woodward Iron Co. v. Bradford, ante, p. 447, 90 South. 803; 3 C. J. 300 and 316; 188 Ala. 650, 65 South. 964; Acts 1919, p. 225. It follows that the appeal is improper.

This appeal was submitted under rule 46 of Supreme Court Practice (65 South. vii[1]), and the opinion of the court delivered by

THOMAS, J. [1] A primary question presented is: Can a party to a proceeding under the Workmen's Compensation Act (Gen. Acts 1919, p. 206 et seq.) appeal from a judgment rendered by the circuit court, or is the sole revisory remedy by certiorari?

[2] The rulings sought to be presented in this court for review by appeal, rather than by certiorari, will not be considered, on the authority of Woodward Iron Co. v. Bradford, 90 South. 803.[2] A question of jurisdiction being presented, and which may not be waived by consent, the appeal will be dismissed ex mero motu.

Appeal dismissed.

ANDERSON, C. J., and McCLELLAN and SOMERVILLE, JJ., concur.