(113 So. 298)

## CAROTHERS v. McNABB. (6 Div. 863.)

Supreme Court of Alabama. June 15, 1927.

**Master and servant ☞412—Judgment under Workmen's Compensation Act cannot be reviewed by appeal, but only by certiorari.**

Remedy by appeal is not available to review the judgment of the trial court, in a case under the Workmen's Compensation Act (Acts 1919, p. 206), the only method of review being by writ of certiorari.

Appeal from Circuit Court, Cullman County; O. Kyle, Judge.

Action by W. L. McNabb against William Carothers. Judgment for plaintiff, and defendant appeals. Appeal dismissed.

Paine Denson, of Cullman, for appellant.

The complaint is not sufficient as an application for compensation, but is in form a complaint in an action at law, and an appeal lies.

W. Marvin Scott, of Cullman, for appellee.

There is no appeal under the Workmen's Compensation Act, the remedy being by certiorari. Steagall v. Sloss Co., 206 Ala. 488, 90 So. 871.

SOMERVILLE, J. The complaint in this case clearly appears upon its face to be filed under the Workmen's Compensation Act (Acts 1919, p. 206), and the proceedings and judgment are governed by the rules of law and practice applicable to such cases.

The judgment of the trial court can be reviewed here only by a writ of certiorari. The remedy by appeal, to which defendant has here resorted, is not available, and the appeal will be dismissed. Steagall v. Sloss-Sheffield S. & I. Co., 206 Ala. 488, 90 So. 871; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803.

Appeal dismissed.

ANDERSON, C. J., and THOMAS and BOULDIN, JJ., concur.

---

(113 So. 239)

## COOPER v. COOPER et al. (7 Div. 682.)

Supreme Court of Alabama. May 12, 1927.

Rehearing Denied June 15, 1927.

**1. Appeal and error ☞78(3)—Where judgment entry disclosed only that court sustained motion to strike complaint, appeal will be dismissed for want of final judgment.**

Where judgment entry discloses only that court sustained motion of defendants to strike complaint and nothing more, there is no final judgment sufficient to support an appeal.

**2. Appeal and error ☞782—Absence of final judgment sufficient to support appeal is jurisdictional, and requires dismissal.**

Question whether there has been a final judgment sufficient to support an appeal is jurisdictional, and absence of such judgment requires dismissal.

Appeal from Circuit Court, De Kalb County; R. B. Carr, Judge.

Action for damages by Joseph Cooper against John F. Cooper and others. From a judgment sustaining defendant's motion to strike the complaint, plaintiff appeals. Appeal dismissed.

Joseph Cooper, pro se.

In view of the decision, it is not necessary that brief be here set out.

Baker & Baker and C. A. Wolfes, all of Ft. Payne, and J. Wiley Logan, of Birmingham, for appellees.

The complaint is prolix, irrelevant, frivolous, and unnecessarily repeated. It was properly stricken. Code 1923, § 9458; Cook & Laurie v. Bell, 177 Ala. 618, 59 So. 273; Cooper v. Cooper, 204 Ala. 183, 85 So. 468. The judgment or order complained of is not an appealable one. Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 So. 427; Jackson v. Jackson, 211 Ala. 277, 100 So. 332.

GARDNER, J. Upon the merits of this appeal, it is insisted that the motion of the defendants to strike the complaint as violative of section 9457, Code of 1923, is supported by the cases of Cooper v. Cooper, 204 Ala. 183, 85 So. 468, and Cook, etc., Contracting Co. v. Bell, 177 Ala. 618, 59 So. 273.

[1] Preliminary, however, to a consideration of this question, is that embraced in the motion of appellees to dismiss the appeal based upon the ground that there has been entered no final judgment in the cause as will support an appeal. As pertinent to this question, the judgment entry discloses only that the court sustained the motion of defendants to strike the complaint, and nothing more. This was not a final disposition of the cause. The case is not distinguishable in principle from Wise v. Spears, 200 Ala. 695, 76 So. 869, and Eslava v. Jones, 79 Ala. 287. See, also, State ex rel. Wright v. Kemp, 205 Ala. 201, 87 So. 836; Lathrop Lbr. Co. v. Pioneer Lbr. Co., 207 Ala. 522, 93 So. 427; Martin v. Ala. Power Co., 208 Ala. 212, 94 So. 76; Johnson v. Westinghouse, Church, Kerr & Co., 209 Ala. 672, 96 So. 884; Clements v. Hodgens, 210 Ala. 486, 98 So. 467; Jemison v. Town of Ft. Deposit, 214 Ala. 471, 108 So. 397.

[2] The question is a jurisdictional one, and the appeal must be dismissed.

Appeal dismissed.

SAYRE, BOULDIN, and BROWN, JJ., concur.

☞For other cases see same topic and KEY-NUMBER in all Key-Numbered Digests and Indexes