195 So. 209

### COON v. HENDERSON.

4 Div. 136.

Supreme Court of Alabama.

March 14, 1940.

Rehearing Denied April 11, 1940.

Fleming & Paul, of Elba, for appellant.

Mizell & Pearson, of Andalusia, for appellee.

KNIGHT, Justice.

The appeal in this cause is prosecuted by the appellant from an order of the Circuit Court of Covington County striking what purports to be a claim of exemptions to certain real estate in Covington County filed with the Sheriff of Covington County by the appellant W. F. Coon, and his wife Annie Coon. There was no judgment rendered in said cause disallowing the claim of exemptions, and taxing cost.

After the appeal *had been submitted,* and *was held under the said submission,* the appellant filed a petition for mandamus to review the proceedings, if it was determined that the order appealed from was not such a judgment as would support an appeal.

It appears from the paper filed with the Sheriff of Covington County by the appellant and wife, and which purports to be a claim of homestead exemptions, that the appellant and his wife were attempting to set up a claim of exemptions against a writ of possession issued out of the Circuit Court of Covington County, in equity, wherein the appellant was defendant and the appellee Henderson was the complainant. What was embraced in those proceedings, and concluded by the decree in said cause, we are not advised. The record neither contains a transcript of said proceedings, nor a copy of the process issued to the sheriff thereon, and under which he was ordered to take possession of the property and deliver the same to the plaintiff in the process. In the absence of a record of said proceedings we are in no position to review the order made in this case, and from which the appeal was taken, either on appeal or on mandamus.

On the record as here presented, it would rather appear that the question of homestead exemptions should have been raised in the proceedings which culminated in the decree upon which the writ of possession was issued.

However, be that as it may, the record before us is so omissive that we are unable to say that the court committed error in striking what purports to be appellant's claim of homestead exemptions. This is true whether we are authorized to review the order on appeal, or on mandamus.

We are fully persuaded, however, that the order appealed from is not such a final judgment as will support an appeal. No final judgment was entered in the cause disallowing the appellant's exemptions. The order striking the claim as filed will not support an appeal. Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Wise v. Spears, 200 Ala. 695, 76 So. 869; Eslava v. Jones, 79 Ala. 287.

It follows, that the appeal must be dismissed, and for the reasons above stated, if for no other, mandamus must be denied. It is so ordered.

Appeal dismissed; mandamus denied.

ANDERSON, C. J., and THOMAS and BROWN, JJ., concur.