livery as a payment on the purchase price. Shannon participated with appellee in making the sale and taking the contract, when he gave the receipt for $400. Abercrombie v. Martin & Hoyt Co., 227 Ala. 510, 150 So. 497. He testified that he took in four mules and sold them for $190, which went as a cash payment. But whether as between appellant and appellee the proceeds of the sale to Davis should be treated as $400 or as $190 is not now important, since the jury could find that appellee has enough credits to off set his debt in either event, and the court made no prejudicial ruling as to that question.

 The evidence made a jury question which they decided and the trial court overruled the motion for a new trial. In doing so we are not persuaded that there was error.

We have given consideration to the briefs and argument and the assignments of error. We do not think a more detailed discussion is necessary. We do not think that any of it points out reversible error.

Affirmed.

GARDNER, C. J., LAWSON and STAKELY, JJ., concur.

J. Hubert Farmer, of Dothan, for appellant.

McDowell & McDowell, of Eufaula, for appellees.

STAKELY, Justice.

The record shows that the proceedings in this case were brought under and pursuant to the Workmen's Compensation Act. Section 253 et seq., Title 26, Code of 1940. Accordingly the proceedings and judgment are governed by the law applicable to such cases. It is sought to review the judgment and rulings of the lower court by appeal. This court has held, however, that the remedy is only by certiorari. The appeal must be dismissed. Steagall v. Sloss-Sheffield Steel & Iron Co., 206 Ala. 488, 90 So. 871; Woodward Iron Co. v. Bradford, 206 Ala. 447, 90 So. 803; Carothers v. McNabb, 216 Ala. 366, 113 So. 298; Hallmark v. Virginia Bridge Corp., 241 Ala. 283, 2 So.2d 447.

Appeal dismissed.

GARDNER, C. J., and FOSTER and LAWSON, JJ., concur.

28 So.2d 182

**SMITH v. WILSON et al.**

4 Div. 426.

Supreme Court of Alabama.

Dec. 5, 1946.

28 So.2d 203

**MOORE v. CITY OF MOBILE.**

1 Div. 264.

Supreme Court of Alabama.

Dec. 5, 1946.

