89 So.2d 916

Ex parte J. R. MADDOX, d/b/a R. & L. Distributing Company.

5 Div. 651.

Supreme Court of Alabama.

Oct. 4, 1956.

115

Samuel W. Oliver and Chas. R. Adair, Jr., Dadeville, and Richard H. Cocke, Alexander City, for respondent.

Walter B. Venters, Opelika, for petitioner.

LAWSON, Justice.

On the night of July 3, 1956, deputy sheriffs of Tallapoosa County, a dry county, seized a truck and 700 cases of tax-paid beer belonging to the petitioner as the truck was transporting the beer over the roads of that county.

The county solicitor of Tallapoosa County on July 7, 1956, filed condemnation proceedings against the truck in the circuit court of Tallapoosa County, in equity, but no such proceeding was instituted seeking an order of condemnation against the beer, although the authorities strenuously insisted that it was subject to confiscation and hence refused to return it to the petitioner.

On July 18, 1956, the beer still being in the custody of the sheriff and no proceeding having been filed seeking its condemnation, the petitioner filed in the circuit court of Tallapoosa County a suit in detinue against the sheriff of that county seeking the return of the beer.

After service was had and after the writ of detinue had issued, the sheriff filed a sworn motion captioned "Defendant's Motion to Quash Summons and Complaint," which reads in pertinent parts as follows:

"Comes W. H. Barnes, as Sheriff of Tallapoosa County, Alabama, defendant in the above entitled cause and moves the Court to quash the summons and complaint and writ of detinue therein, and for grounds of such motion shows unto the Court as follows:

"1. That the personal property described in the complaint, to wit, 700 cases of Budweiser 12 ounce cans of tax paid beer, was legally seized by the defendant, as Sheriff of Tallapoosa County, Alabama, or by his duly appointed deputies, while the same was being illegally transported through Tallapoosa County, Alabama, a 'dry' county; that said property is presently in the custody of the law, and that while so held it is not subject to recapture by the plaintiff by writ of replevin, detinue, or other process.

"Wherefore, the defendant prays that said summons and complaint and writ of detinue be quashed."

On July 28, 1956, a hearing was held before the circuit court of Tallapoosa County on the motion of the sheriff to quash the summons and complaint and the writ of detinue and the levy made under the writ. Several witnesses were examined, who gave testimony bearing on the question as to whether or not the beer was being legally transported through Tallapoosa County at the time of the seizure. The trial court, who heard the witnesses testify, rendered a decree which concludes as follows: "It is, therefore, Considered, Ordered and Adjudged by the Court that the Prayer of the Defendant's Motion be granted. It is further Ordered and Adjudged by the Court that the Summons and Complaint in this cause, the Writ of Detinue and the Levy under said Writ be, and the same are hereby quashed."

It appears from the opinion incorporated into the decree that the action of the trial court was based on two theories, the first being that the evidence adduced showed that the beer was being illegally transported at the time of the seizure and secondly, because of the provisions of Section 222, Title 29, Code 1940, which reads:

"Liquors seized and vessels containing them shall not be taken from the custody of the officer by writ of replevin or detinue or other process while the proceedings are pending; a final judgment of condemnation in all such cases is a bar to all suits for the recovery of any liquors or vessels seized for the value of the same and for damages alleged to arise by reason of the seizure and detention thereof. The word 'vessel', when used herein, shall also include receptacles, and the word 'liquors' shall also include other beverages that are seized."

Thereafter the petitioner presented to this court an original petition for mandamus and we issued the alternative writ. The trial court has made his return to the alternative writ and the cause has been submitted here.

At the outset we wish to make it clear that in granting the alternative writ of mandamus in this case we did not take

jurisdiction over the 700 cases of beer so as to in any wise deprive the courts of Tallapoosa County of the right to entertain proceedings leading to its condemnation.

It is made to appear from the return of the trial judge that since the alternative writ was issued, the condemnation proceedings originally instituted have been amended so as to seek the condemnation of the beer as well as of the truck. In view of this development, it is insisted by the respondent judge that the detinue proceedings have become moot and that for that reason we should refuse to issue the peremptory writ and to dismiss the rule nisi or alternative writ which we have heretofore issued.

We think it clear that the provisions of Section 222, Title 29, Code 1940, had no application at the time the trial court entered its decree granting the sheriff's motion to quash and it is that decree which is presently under consideration and subsequent developments, although they may be a bar to a recovery by the petitioner in its detinue proceedings, do not affect the question before us.

We are also of the opinion that a motion to quash, or a plea in abatement, as counsel for the respondent would now have us consider the so-called motion to quash, was not the proper manner of raising the question as to whether or not the transportation of the beer was legal or illegal and consequently the decree here under attack cannot be sustained on the theory that the trial court found that the transportation was illegal and therefore the petitioner would not have been entitled to recover in the detinue proceeding in any event.

It is the studied opinion of this court that the decree here under review is erroneous and that the peremptory writ of mandamus should issue inasmuch as the decree will not support an appeal, not being final since there was no judgment in favor of the defendant in the trial court against the plaintiff for the costs. Davis v. McColloch, 191 Ala. 520, 67 So. 701; Ex parte Adams, 216 Ala. 241, 113 So. 235; Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Graves v. Barganier, 223 Ala. 167, 134 So. 874; Townsend v. McCall, 262 Ala. 235, 78 So.2d 310; Dorrough v. McKee, 264 Ala. 663, 89 So.2d 77.

We wish to make it clear that in awarding the peremptory writ of mandamus in this case we are not in any wise passing upon the question as to whether the beer involved was or was not properly seized, inasmuch as that question is not before us in this kind of a proceeding. The basis of our action is simply that the petitioner's detinue proceedings were not subject to being abated or quashed at the time the decree was rendered in so far as the record before us demonstrates.

Writ of mandamus granted.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.