582

98 So.2d 15

**CITY OF BIRMINGHAM**

v.

**Roland L. HALLMARK et al.**

6 Div. 22.

Supreme Court of Alabama.

Nov. 7, 1957.

James G. Adams, III, Birmingham, for appellant.

Lange, Simpson, Robinson & Somerville, Daniel J. Meador and Reid B. Barnes, Birmingham, for appellees.

LAWSON, Justice.

Roland L. Hallmark filed suit in the circuit court of Jefferson County on October 24, 1954, against Stringfellow Motor Company and others for damages suffered in an automobile collision.

Demurrer was interposed to the complaint on November 30, 1954. On June 22, 1955, the City of Birmingham presented to one of the judges of the circuit court of Jefferson County its "Petition for Intervention" which it sought leave to file. The so-called "Petition for Intervention" was filed on the day of its presentment along with an order indorsed thereon by the judge, which reads in part as follows: "* * * Hearing on this petition set on the 24 day of June, 1955, at 10:00 A.M. in Room 306, Courthouse, and City of Birmingham directed to mail a copy of said petition and this order to counsel for all parties in this case." See § 247, Title 7, Code 1940.

The hearing on the petition for leave to intervene was continued until August 30, 1955, on which day the following order was entered:

"It is ordered and adjudged by the court that the petition of the City of

Birmingham for leave to intervene in this action, be and the same is hereby denied, disallowed and dismissed, and City of Birmingham excepts."

On December 13, 1955, the defendants' demurrer was overruled and they filed a plea of the general issue in short by consent in the usual form. On the next day a judgment was entered which followed a jury verdict in favor of Hallmark in the sum of $3,000.

Thereafter on February 28, 1956, the City of Birmingham gave notice of an appeal to this court from the order of August 30, 1955. The appeal was taken pursuant to the provisions of §§ 690 and 691, Title 62, Code 1940.

Submission here was on the merits and on appellees' motion to dismiss the appeal.

One of the grounds of the motion to dismiss the appeal is that mandamus, not appeal, is the proper method of review for one denied leave to intervene by the trial court.

In several cases where the question was not considered this court reviewed such orders by mandamus. Ex parte Printup, 87 Ala. 148, 6 So. 418; Reynolds v. Crook, 95 Ala. 570, 11 So. 412; Ex parte Breedlove, 118 Ala. 172, 24 So. 363. And in Curtis v. Curtis, 180 Ala. 64, 60 So. 167, the elder Mayfield expressed his individual views on the subject. He said that mandamus was the proper method of review, but there was no holding of the court to that effect.

On the other hand, we have several cases where the question as to the proper method of review was considered and in which we held that an appeal would lie. Thornton v. Highland Ave. & B. R. Co., 94 Ala. 353, 10 So. 442; Weller & Sons v. Rensford, 164 Ala. 312, 51 So. 344; Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 20 So. 2d 220, 157 A.L.R. 154; Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 59

So.2d 595; Rollins v. Deason, 263 Ala. 358, 82 So.2d 546. See ex parte Gray, 157 Ala. 358, 47 So. 286. Cf. Ramsey v. Wilkins, 253 Ala. 614, 43 So.2d 407.

■ In view of the recent decisions of this court, we hold that a judgment dismissing a "petition for intervention," which has been filed with leave of court and which judgment is in form such as to make it a final judgment is reviewable by appeal.

■ But the judgment here sought to be reviewed is not such a final judgment as will support an appeal. The judgment denied, disallowed and dismissed the "petition" for intervention, which we understand the record to show was filed with leave of the trial court, as required by § 247, Title 7, supra. But such action was not followed up by the taxation of costs.

■ Whatever may be the rule in other jurisdictions, our court has long been committed to the rule that an order of the trial court dismissing or striking a complaint without taxing costs will not support an appeal, but can be reviewed by mandamus. Ex parte Hendree, 49 Ala. 360; Ex parte State ex rel. Attorney General, 142 Ala. 87, 38 So. 835; Davis v. McColloch, 191 Ala. 520, 67 So. 701; Cooper v. Cooper, 216 Ala. 366, 113 So. 239; Ex parte Adams, 216 Ala. 241, 113 So. 235; Graves v. Barganier, 223 Ala. 167, 134 So. 874; Townsend v. McCall, 262 Ala. 235, 78 So.2d 310; Ex parte Maddox, 265 Ala. 114, 89 So.2d 916.

We have gone to the original record of all the cases which we have cited herein as holding that appeal is the proper method of reviewing a judgment or decree dismissing a petition for intervention and find that in every instance except one the judgment or decree was followed by an assessment of costs. The exception is the case of Rollins v. Deason, supra, where that omission did not come to our attention.

Under the rule of our cases to which we have referred above, the appeal is due to be dismissed. It is so ordered.

Appeal dismissed.

LIVINGSTON, C. J., and GOODWIN and MERRILL, JJ., concur.