147 So.2d 799

LOCAL UNION 18, MARINE AND SHIP-BUILDING WORKERS OF AMERICA, A. F. OF L.–C. I. O., et al.

v.

Harry H. SMITH et al.

1 Div. 863.

Supreme Court of Alabama.

Nov. 29, 1962.

Vincent F. Kilborn, Mobile, for appellants.

Harry H. Smith and Robt. T. Cunningham, Mobile, for appellees.

COLEMAN, Justice.

This is an appeal, by petitioners for intervention, from a decree granting a motion to strike their petition and denying intervention.

■ The decree appealed from does not tax the costs, and, for that reason, the appeal must be dismissed. City of Birmingham v. Hallmark, 266 Ala. 582, 98 So.2d 15.

■ Prior to submission, however, petitioners filed in this court their petition which prays, in the alternative, for an alternative writ of mandamus to review the decree complained of if appeal does not lie. This court, in City of Birmingham v. Hallmark, supra, stated that a decree such as that here complained of can be reviewed by mandamus, and we will review the action of the court on the application for the writ.

This review arises out of the cause which came here on appeal from ruling on demurrer in Smith v. Dunlap, 269 Ala. 97, 111 So.2d 1. The record before us indicates that after the decision on appeal in Smith v. Dunlap, supra, complainant in that suit amended his bill of complaint by dismissing with prejudice as to all respondents except the Alabama Dry Dock and Shipbuilding Company, Inc., a corporation, hereinafter called Alabama, and the Merchants National Bank of Mobile, as Trustee for the Profit Sharing Retirement Plan for the employees of Alabama.

On June 15, 1959, decree was rendered whereby the court ordered the Trustee to pay to Alabama, out of the trust fund, the sum of $199,720.00, and also ordered Alabama to pay to the attorney for complainant the sum of $25,000.00 as a reasonable attorney's fee.

Petitioners assert that they have a right to be made parties to the suit as representatives of the persons who are beneficiaries of the trust, and that the beneficiaries are entitled to the aid of equity to protect the interests of the beneficiaries in the trust estate.

On July 13, 1959, appellants filed their petition which was set down for hearing. Appellee filed a motion to strike appellants' petition, on the ground, among others, that the petition or motion did not comply with Equity Rule 37, in that no petition for intervention can be filed until after a motion for leave to file the petition has been granted.

On August 25, 1959, a decree was rendered granting appellee's motion to strike and refusing and denying appellants' petition or motion for leave to intervene. This action of the court is assigned as error.

Appellants' petition which was stricken bears the following title:

"MOTION FOR LEAVE TO INTERVENE AND FILE CROSS BILL"

The prayer of appellants' petition recites as follows:

"WHEREFORE, These intervenors file this their petition for leave to Intervene in this cause, to set aside the final decree rendered herein, and, as to the Profit Sharing Plan, annul all former proceedings held with regard thereto in this cause for lack of necessary and indispensable parties, viz.: the participants or beneficiaries in the Plan, and for leave to file an answer and cross bill, demanding trial of the issues of fact and particularly the fact issue as to the meaning and intent of the word 'profit' as used in the Employee's Profit Sharing Plan of the Corporation. And further, for declaratory relief as to the rights and liabilities of the parties, inter se, with reference to:

"a) the right and duty of the Trustee to retain the payment made it from Waterman stock profits;

"b) the initial right and propriety of the payment made into the fund from Waterman stock profits;

"c) the right of the Company under all the circumstances to obtain the funds if not properly paid initially;

"d) the adjustment of equities so that present participants and beneficiaries of the plan are not unjustly burdened with the repayment of sums to which the accounts of others, now deceased, retired, or no longer employed have received and which, if excessive, ought to be repaid.

"e) other relief as appropriate."

It may be that the petition was intended as one for intervention, notwithstanding it asks for many other things, but it does not appear that leave was first asked or obtained to file the same. A party desiring to intervene should first obtain leave from the court to file his petition. Ex parte Gray, 157 Ala. 358, 47 So. 286. It not appearing that leave was obtained to file this petition, the chancellor will not be put in error for dismissing same upon motion of the respondent to strike or dismiss said petition. Weller & Sons v. Rensford, 164 Ala. 312, 51 So. 344.

Under the averments and prayer of this petition, it is not a motion seeking leave to file a petition for intervention, but is a petition for intervention, which was filed without any order of the trial court granting leave to file it.

Under the rule announced in Weller & Sons v. Rensford, supra, the court will not be put in error for denying intervention. Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 59 So.2d 595.

Appeal dismissed.

Writ denied.

LIVINGSTON, C. J., and GOODWYN and MERRILL, JJ., concur.