171 So. 732

**DODD v. DEEPWATER COAL & IRON CORPORATION.**

**6 Div. 31.**

Supreme Court of Alabama.

Dec. 17, 1936.

Rehearing Denied Jan. 21, 1937.

Arthur Fite, of Jasper, for appellant.

J. J. Curtis, of Jasper, for appellee.

ANDERSON, Chief Justice.

The bill in this case was filed to quiet title under article 1 of chapter 336 of the Code (section 9905 et seq.) and not under article 2 of said chapter (section 9912 et seq.). So section 9924 of the Code as to intervention does not apply.

Therefore, the intervener, W. C. Scott, is evidently proceeding under section 9485 of the Code of 1923 and which provides: "Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both."

In our recent case of Fisher v. Bankers' F. & M. Co., 229 Ala. 173, 155 So. 538, we held that this statute applied to procedure in equity as well as in actions at law, and while it does not create a cause of action or give a right of intervention where the party seeking to intervene has otherwise no cause of action, it does mean that a party can intervene if he has a right or cause of action as therein defined. In other words, if he comes within the requirements of the statute as to the interest in the litigation, the remedy to intervene is given, though he enjoyed no such remedy before the enactment of said section 9485.

True, the result of the litigation between the original parties would not be binding on the intervener if not a party to the suit, but the statute was evidently intended to expedite and economize in litigation by permitting parties interested in the subject-matter to adjust the matter in one instead of by several suits.

This statute was intended to extend the remedy by intervention beyond the confines of the rule laid down in the case of Ex parte Printup, 87 Ala. 148, 6 So. 418, and other cases decided previous to the enactment thereof.

In reaching the result in this case, we are not unmindful of previous rulings of this court that as to bills of this character the statutory answer brings under consideration and judgment only the respondent's right, title, interest, or incumbrance upon the land. But, if the respondent desires affirmative relief beyond that which the statute contemplates, he can invoke the court's power through a cross bill. Manning v. Manning, 203 Ala. 186, 82 So. 436.

Here, the intervener claiming through the respondent filed a cross-bill setting forth his claim or title and asking for affirmative relief, and, if this cannot be done, the intervention would be vain and useless.

The trial court did not err in overruling the complainant's demurrer to the amended petition and in permitting the intervention, and the decree of the circuit court is affirmed.

Affirmed.

GARDNER, BOULDIN, and FOSTER, JJ., concur.