20 So.2d 220

### FRANKLIN v. DORSEY–JACKSON CHEVROLET CO.

4 Div. 355.

Supreme Court of Alabama.

Dec. 14, 1944.

246

Edw. F. Reid, of Andalusia, for appellant.

Ralph A. Clark, of Andalusia, for appellee.

STAKELY, Justice.

These are intervention proceedings. The question presented for review is the right vel non of Ellis W. Franklin to intervene in a suit filed in the Circuit Court of Covington County by C. E. Dorsey and J. M. Jackson, partners doing business as Dorsey-Jackson Chevrolet Company, against National Surety Corporation, a corporation. The suit, brought on the law side of the court, seeks recovery against the defendant by reason of a bond in the penal sum of $1800 executed by the defendant, with condition to indemnify the plaintiff against losses of money or personal property caused by larceny, embezzlement, misappropriation, etc., on the part of Ellis W. Franklin, as plaintiff's bookkeeper, during the period covered by the bond. The losses alleged to have been so suffered by the plaintiff are alleged to aggregate $4,480.05. The recovery sought by the plaintiff against the defendant is $1800, the penal amount of the bond.

Ellis W. Franklin filed a petition in the suit for the purpose of being allowed to intervene in the suit, alleging in substance that as a part of the consideration for the execution of the bond—the bond was executed only by the National Surety Corporation—he signed a written application for the bond, a copy thereof being attached to the petition. Among other provisions, the application contained the following:

"1. The undersigned hereby agrees to indemnify the National Surety Corporation, hereinafter called Corporation, its successors and assigns, against all loss, liability, costs, damages, attorneys' fees and expenses which the Corporation may sustain or incur in consequence of executing the coverage herein applied for or any renewal thereof or any other coverage in behalf of the undersigned, in making any investigation on account of any such coverage, in prosecuting or defending any action that may be brought in connection therewith, and in enforcing any of the agreements herein contained.

"2. The Corporation shall have the right to adjust, settle or compromise any claim under any such bond, unless the undersigned shall request the Corporation to litigate such claim and shall deposit with the Corporation collateral satisfactory to it in kind and amount.

"3. In event the Corporation shall, in good faith, make any payment on account of any claim under any such coverage or on account of costs, damages, attorneys' fees or expenses, an itemized statement thereof, sworn to by an officer of the Corporation, or the voucher or vouchers or other evidence of such payment, shall be prima facie evidence of the fact and extent of the liability of the undersigned in any claim or suit hereunder."

The petition also in substance shows that when petitioner was notified by the defendant that claim had been made under the bond, he demanded of the defendant

that no settlement be made and deposited with the defendant collateral satisfactory to the defendant; that he has employed an attorney at his own expense to defend the defendant in the present suit; that he is financially responsible and that in the event judgment is recovered against the defendant ànd payment thereof made by the defendant, petitioner will be directly liable to defendant; that the rights and interests of petitioner will be greatly prejudiced if he is not permitted to intervene; that he has an interest in the matter of this litigation and is interested in the success of the defendant.

Plaintiffs demurred to the petition taking the position in substance that the interest of petitioner in the litigation is not sufficiently shown; that the alleged liability of petitioner to defendant in case plaintiffs recover a judgment is of no concern to the plaintiffs; that it does not appear that the petitioner has a cause of action against either plaintiffs or defendant and the mere right or fact of intervention does not within itself create a cause of action; that no judgment is sought by the plaintiffs against petitioner arid the liability or non-liability of defendant upon the bond sued on does not within itself give an actual interest to petitioner in the litigation; that there is no privity between the defendant and petitioner.

The court sustained the demurrers to the petition, denied Ellis W. Franklin the right to intervene, and dismissed the petition. From this judgment, Ellis W. Franklin brings this appeal and with his appeal submits also on a motion for mandamus.

The right of intervention, if any, in the case at bar is governed by the following statute:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the ground upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint." § 247, Title 7, Code 1940.

There can be no doubt that under the law in this state, prior to the adoption of the foregoing statute, Ellis W. Franklin had no right of intervention. Ex parte Proskauer, 59 Ala. 194. Has the statute changed the situation?

■ Counsel urge that the statute does not create a cause of action or give a right of intervention, when the party seeking to intervene otherwise has no cause of action, citing Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 155 So. 538, and Dodd v. Deepwater Coal & Iron Co., 233 Ala. 392, 171 So. 732. It is insisted that since Ellis W. Franklin did not execute the bond sued on, the liability, if any, of the defendant to the plaintiffs is an independent liability with which Ellis W. Franklin has no concern or interest. In construing the statute this court has said:

"Our statute (section 9485, Code [Code 1940, Tit. 7, § 247] has been held as merely cumulative to the 'common-law remedy of intervention (Awbrey v. Estes, 216 Ala. 66, 112 So. 529; Gravely v. Phillips, 23 Ala.App. 471, 127 So. 248, 249), and, as said in the latter case, citing 31 Cyc. 521: 'The petition for intervention must by proper averments show interest of the applicant in the pending litigation and should contain facts sufficient to show that the intervener is entitled to the relief sought.' To like effect is the language of the court in Smith v. Gale, 144 U.S. 509, 12 S.Ct. 674, 676, 36 L.Ed. 521: 'The intervention must be not only to protect the direct and immediate interest of the intervener in a suit, but she is bound to make that interest appear by proper allegations in her petition.'" Cortner v. Galyon, 223 Ala. 405, 137 So. 30, 31.

■■ The statute should be considered from three viewpoints: (1) When the intervener seeks to join with the plaintiff in the original action in claiming what is sought by the complaint; (2) when the intervener seeks to unite with the defendant in the original action in resisting the claim of the plaintiff; (3) when the intervener seeks to demand something adverse to both plaintiff and defendant. Obviously we are concerned here only with aspect (2). It is, therefore, not the cause of action of the plaintiffs, that is the contractual right of the plaintiffs and the de-

fendant's breach thereof, in which the intervener must have a direct and immediate interest and in which he must "join in claiming." The interest of the intervener in "the action or proceeding" in aspect (2) lies in a denial of the breach, and a denial of the right of recovery because in this situation, the intervener "unites with the defendant in resisting the claims of the plaintiff." Now does a denial of a breach of the bond and a prevention of the plaintiff's recovery on the bond in the case at bar, give Ellis W. Franklin "an interest in the matter of litigation, in the success" of the defendant within the contemplation of the statute? Should he be permitted to "unite with the defendant in resisting the claim of the plaintiffs"? We think he has both the interest and the right. The fact that he did not execute the bond would not change the situation. The statute was intended to expedite and economize in litigation.

"True, the result of the litigation between the original parties would not be binding on the intervener if not a party to the suit, but the statute was evidently intended to expedite and economize in litigation by permitting parties interested in the subject-matter to adjust the matter in one instead of by several suits." Dodd v. Deepwater Coal & Iron Corp., 233 Ala. 392, 171 So. 732.

If it can be shown that Ellis W. Franklin did not commit the misappropriation or other wrongful acts covered by the bond, there could be no recovery on the bond against the defendant and likewise Ellis W. Franklin would be relieved of any liability to the defendant under his indemnity agreement with the defendant for misappropriation or other wrong-doing described in the bond. And also he would free himself of direct liability to the plaintiffs. It cannot be denied that if he misappropriated their funds, he would be liable to the plaintiffs. The statute does not prescribe a method of procedure. But the court can so frame the issues that the plaintiff can recover of the intervener in an appropriate amount, which in this case may exceed the penalty of the bond, if the intervener is liable to the plaintiffs.

In construing a statute quite similar to the Alabama statute, in a suit brought upon defendant's written guaranty of payment of indebtedness arising from samples sent a third person by plaintiff, the Supreme Court of Minnesota said:

"The objection that the proper parties are not before the court does not exist in this case if Barry, the principal debtor, had a right to intervene in the action. That he might intervene for the purpose of defeating a recovery by plaintiff, we cannot see there is any doubt. The statute (Gen.Stats.1878, c. 66, sec. 131) allows 'any person who has an interest in the matter in litigation, in the success of either of the parties to the action, or against either or both,' to intervene, and either prosecute or defend. Taking the construction put upon this in Bennett v. Whitcomb, 25 Minn. 148, and Lewis v. Harwood, 28 Minn. 428, 10 N.W. 586, that the interest must be of such a direct and immediate character that the intervener will either gain or lose by the direct legal operation and effect of the judgment, this case comes directly within it. If, in the action as originally brought, judgment had gone against the defendant, and had been enforced against him, the intervener might have to reimburse him; but, had it discharged the defendant of liability to the creditor, it would have terminated the intervener's obligation as indemnitor. Indeed, we can hardly conceive a case more within the spirit and intent of the statute than one in which the intervener stands in the relation of indemnitor to one of the parties." Becker v. Northway, 44 Minn. 61, 46 N.W. 210, 211, 20 Am.St.Rep. 546.

See also Carlton v. Price, 121 Ga. 12, 48 S.E. 721, 68 L.R.A. 745.

It is urged that Ellis W. Franklin could give complete aid by appearing in the case as a witness. This is not correct. He is entitled under the statute to join in defense of the case. This means the right to appear in court as a party to the cause, with the rights and privileges pertaining thereto, which include the right to exception and appeal from adverse ruling. Dodd v. Reese, 216 Ind. 449, 24 N.E.2d 995, 128 A.L.R. 574.

The court not only sustained the demurrer, but also dismissed the petition for intervention. The judgment disposed finally of the whole matter of the intervention. Such a judgment will support an appeal. § 754, Title 7, Code of 1940; Thornton v. Highland Ave. & B. R. Co., 94 Ala. 353, 10 So. 442: McClurkin v. McClurkin, 206 Ala. 513, 90 So. 917.

The lower court was in error in sustaining the demurrer to the petition for intervention and in dismissing the petition.

Accordingly the judgment of the lower court is reversed and the cause is remanded.

Reversed and remanded.

GARDNER, C. J., and THOMAS and FOSTER, JJ., concur.