59 So.2d 595

**GRACE v. BIRMINGHAM TRUST & SAVINGS CO. et al.**

**6 Div. 136.**

Supreme Court of Alabama.

April 3, 1952.

Rehearing Denied June 26, 1952.

508

M. B. Grace, Birmingham, for appellant.

Griffin Lamkin, Birmingham, for appellees Wilkinson and Casey.

LAWSON, Justice.

On February 1, 1947, a bill was filed in the circuit court of Jefferson County, in equity, wherein Mrs. Eleanor Wilkinson Casey, Mrs. Hettie Ann Wilkinson, and M. B. Grace were the complainants and the Birmingham Trust and Savings Company, a corporation, as trustee for Ida K. Wood, and many other parties were respondents. M. B. Grace filed the bill as attorney for the complainants.

The theory of the bill, as we understand it, is: Mrs. Casey and Mrs. Wilkinson are the owners of certain real estate in Jefferson County, which we will refer to hereafter on occasion as the suit property, and M. B. Grace has an attorney's lien thereon. The respondents, it is alleged, hold liens against the interest which one Carl W. Wilkinson had in the suit property before he attempted to convey his interest therein to his mother, Mrs. Hettie Ann Wilkinson, one of the complainants.

The prayer of the bill in pertinent part is as follows:

"(a) That commissioners be appointed and directed to carve out of the said real estate the interest of Carl W. Wilkinson and that it be sold to satisfy said liens and the proceeds arising from the sale thereof be apportioned among the lien holders in proportion to their respective liens and the title to said

real estate be cleared as to said liens.

"(b) That a decree be entered and the said real estate sold for division of the proceeds arising from the sale thereof among the joint owners and those who may have an interest in said real estate and the commissioner directed as to disbursement of the proceeds arising from the sale thereof.

"(c) That the interest of M. B. Grace in the interest of the respective joint owners be determined and the commissioner directed to deduct the amount out of the interest of the joint owners and pay same to M. B. Grace and upon so doing that the attorneys lien be cancelled as to the title to said real estate.

"(d) That the commissioner deduct out of the proceeds arising from the sale of said property the amount of cost accrued in the proceeding in the probate court and pay same into the said probate court.

"If the relief herein prayed for is not just, proper and equitable, then complainants pray for such other, further and general relief as they may be entitled to receive."

We will hereafter summarize the averments of the bill as we understand it. In doing so we must follow the averments of the bill as shown by the record. We cannot consider statements in brief not supported by the record. Garrett v. State ex rel. Mathews, 235 Ala. 457, 179 So. 636; MacMahon v. City of Mobile, 253 Ala. 436, 44 So.2d 570.

According to the averments of the bill the suit property was owned by Robert Milton Wilkinson, who died intestate on October 3, 1939, leaving no children. He was survived by his widow, Mrs. Eleanor Wilkinson; his mother, Mrs. Hettie Ann Wilkinson; and a sister and several brothers, one of whom we think the bill sufficiently shows was Carl W. Wilkinson. The widow, Mrs. Eleanor Wilkinson, subsequently married a man by the name of Casey.

The bill then avers that under the provisions of § 1, Title 16, Code 1940, upon the death of Robert Milton Wilkinson, the mother, Mrs. Hettie Ann Wilkinson, inherited an undivided one-half interest in the suit property and the sister and brothers inherited the other one-half undivided interest, all subject to the dower rights of the widow, the complainant, Mrs. Eleanor Wilkinson Casey.

The bill then avers:

"* * * that on, to-wit, September 28, 1941 the brothers and sisters of the deceased executed a deed conveying their one-half undivided interest in said real estate to the mother of deceased, Mrs. Hettie Ann Wilkinson, and the mother of deceased, Hettie Ann Wilkinson by deed, conveyed to Eleanor Wilkinson Casey a one-third undivided interest in said real estate, in lieu of her dower interest or right in and to said real estate, which was accepted by Eleanor Wilkinson Casey in lieu of her dower interest in said real estate; that said real estate could not be equitably divided between the joint owners thereof, and it being to the best interest of the joint owners thereof that the said real estate be sold under a decree of the court and the proceeds arising from such sale thereof be divided between the joint owners, as follows: one-third to Mrs. Eleanor Wilkinson Casey and two-thirds to Mrs. Hettie Ann Wilkinson.

"The parties being financially unable to employ counsel to represent them in a suit for partition of the said real estate, employed M. B. Grace, an attorney, to file suit in the probate court of Jefferson County, Alabama to have the said real estate sold for a division of the proceeds arising from the sale thereof between the joint owners, *and each of the said parties made and executed a contract with M. B. Grace wherein it was agreed and stipulated that M. B. Grace shall have a one-third interest in the interest of each of said parties in said land or the proceeds arising from the sale of it, as his attorney's fee for representing the parties in said proceeding; * * *.*" (Emphasis supplied.)

Attached to the bill and marked as exhibits thereto are the contracts of employment referred to in the bill. They read as follows:

"Exhibit 'A'.

"State of Alabama
Jefferson County

"Be It Known By All Men, That I, Mrs. Hettie Ann Wilkinson, have this day employed M. B. Grace, an attorney, to file and prosecute suit or petition in the probate court of Jefferson County, Alabama in my name, to have set aside to me my statutory interest out of the following land which was the property of my deceased son, Robert Milton Wilkinson, to-wit:

"Lots 5, 6, 7, and 15 according to the map and plat made by the commissioners and denominated 'Wilkinson Addition to New Merkle' a copy of said map and plat is recorded in map book 24, on page 23 of map books in the office of the Judge of Probate of Jefferson County, Alabama, and being situated in the Northeast quarter of Section 22, Township 18, Range 2 West, Jefferson County, Alabama.

"It is understood and agreed that I, Mrs. Hettie Ann Wilkinson, mother of Robert Milton Wilkinson, deceased, is financially unable to employ counsel and pay a cash Attorney's fee for the legal services to be rendered; and it is further agreed that M. B. Grace has agreed to accept employment, to file suit in my name and do all the work necessary to be done, and to represent the party herein in said matter upon the following terms and conditions: That he will file suit and do all the work necessary in said matter for an interest in said real estate which may be set apart to Mrs. Hettie Ann Wilkinson, mother of Robert Milton Wilkinson, by the probate court of Jefferson County, Alabama which is equal to a one-third of said land or the value of same, and when said decree has been entered I agree to execute a deed conveying to M. B. Grace an amount or interest in said land which is equal to a one-third of said land as his attor-

ney's fee in said cause, and he, the said M. B. Grace, agrees to execute deed conveying all right, interest and title which he may have in or to said land to Mrs. Hettie Ann Wilkinson, releasing any and all attorney's lien in or to said real estate.

"The said M. B. Grace shall have authority to sign all papers, swear to all papers, as my attorney, in all things and matters connected with said land as herein described, and to do all things necessary in the prosecution of said suit.

"Witness my signature this 20 day of October 1942.

"Mrs. Hettie Ann Wilkinson."

"Exhibit 'B'.

"State of Alabama
Jefferson County

"Be It Known By All Men, That I have this day employed M. B. Grace, an attorney, to file and prosecute a suit or petition in the probate court of Jefferson County, Alabama, in my name, to have my dower interest set aside to me out of the following described land which belonged to my deceased husband, Robert Milton Wilkinson, to-wit:

"Lots 5, 6, 7, and 15 according to the map and plat made by the commissioners and denominated by them 'Wilkinson Addition to New Merkle' a copy of said map and plat is recorded in Map Book 24, on page 23 of said Map Book in the office of the Judge of Probate of Jefferson County, Alabama and being situated in the Northeast quarter of Section 22, Township 18, Range 2 West, situated in Jefferson County, Alabama.

"It is understood and agreed that I, the widow of Robert Milton Wilkinson, deceased, am financially unable to pay M. B. Grace a fee certain, in cash, for representing me in said cause, and it is further agreed that M. B. Grace will accept employment, and will file petition and do all legal work necessary, and represent the said party in said matter on the following terms and conditions: that he shall receive for

his services in said matter, an amount which is equal to a one-third (1/3) interest in said land, and I agree that when said suit is settled, I will execute a deed, in my name, conveying to M. B. Grace a one-third interest in said land, and will execute to me a deed conveying any and all interest he may have in two-thirds of said land, releasing any and all attorney's lien to said land.

"The said M. B. Grace shall have authority to sign all papers, swear to all papers, as my attorney, in all things and matters connected with said land as herein described, and do all things necessary in the prosecution of said suit.

"Witness my signature, this 14 day of Oct. 1942.

Mrs. Eleanor Wilkinson Casey." The bill further avers:

" * * * that the said proceeding [sale for division] was filed in the probate court of Jefferson County, Alabama and decree was made and entered for sale of the said real estate; at the time the decree was made and entered, the market value of real estate in Jefferson County, Alabama, was off and below the standard price received for sale of real estate, such as the aforesaid real estate, and by mutual agreement the property was not sold, but the sale of it held in abeyance for the time being; that after the decree was rendered it was discovered by the joint owners thereof. at the time the deed was executed by the brothers and sister of Robert Milton Wilkinson, deceased, conveying their right, interest and title to said real estate to their mother, Mrs. Hettie Ann Wilkinson, a number of judgments and tax liens existed against Carl W. Wilkinson, one of the grantors in said deed, and had been filed in the office of the probate court of Jefferson County, Alabama and constituted a lien against the interest of Carl W. Wilkinson in said real estate; that the probate court did not have the power and authority to deal with said matter under the provisions of section 204, Title 47 of the 1940 Alabama Code and it was

necessary that the cause be dismissed out of the probate court that appropriate action may be filed in the Circuit Court, and on motion of the parties said cause was dismissed out of the probate court, at the cost of the joint owners thereof, and which court costs constitutes a charge against said real estate, the said item being $13.70.

" * * * that the interest of Carl W. Wilkinson in said real estate is approximately a 1/36 interest, but the said liens affect the title to the whole of said real estate and constitute a cloud upon the title to said real estate; * *.

"The said real estate is so situated that it cannot be equitably divided between the joint owners and it is for the best interest of the joint owners that it be sold and the proceeds divided between the joint owners thereto; *that 2/3 of the proceeds arising from the sale thereof be paid to Mrs. Hettie Ann Wilkinson and 1/3 be paid to Mrs. Eleanor Wilkinson Casey; that M. B. Grace be decreed to have a 1/3 interest in the interest of Mrs. Hettie Ann Wilkinson and a 1/3 interest in the interest of Mrs. Eleanor Wilkinson Casey and the interest of all interested parties be adjudicated and settled by the decree of this court.*" (Emphasis supplied.)

The bill as amended contains a long list of the persons, firms, corporations and governments which have recorded liens against the interest of the said Carl W. Wilkinson in the suit property.

Those parts of the bills which we have italicized above were amended out, as we will show hereafter.

The original respondents are not concerned with the matters presented to this court, hence it is unnecessary to make any further reference in this opinion to any pleadings which they have filed or any decrees entered as to them.

The controversy here presented is between the original complainants, Mrs. Wilkinson and Mrs. Casey, on the one hand, and Mr. Grace on the other.

In short Mr. Grace contends, according to the averments of the bill, that he has

a lien on the suit property by virtue of the contracts heretofore set out and the work which he avers he performed under those contracts in the probate court and that under those contracts he had the authority to file the instant bill on behalf of Mrs. Wilkinson and Mrs. Casey.. Mrs. Wilkinson and Mrs. Casey, as will be shown hereafter, have taken the position that Mr. Grace was without any authority to represent them as an attorney in the filing of the bill.

On March 28, 1949, the complainant Mrs. Hettie Ann Wilkinson filed her sworn petition, which is as follows:

"Comes Mrs. Hettie Ann Wilkinson, whose name appears as a party complainant in the above-styled cause, and shows unto the Court as follows:

"1.  That said proceeding was instituted without the knowledge or consent of petitioner; that she did not authorize the use of her name in that connection; that she had not communicated, either verbally or in writing, with M. B. Grace, whose name is signed to the bill as her attorney, for many years prior to the filing of said bill; that her first knowledge of said suit or its pendency was the notification contained in a letter from said M. B. Grace, dated March 16, 1949, that said suit was set for hearing on March 28, 1949; that petitioner does not desire that said property be sold for division.

"2.  That said bill prays:

" '(c) That the interest of M. B. Grace in the interest of the respective joint owners be determined and the commissioner directed to deduct the amount out of the interest of the joint owners, and pay same to M. B. Grace.'

"That it thus appears, taken in connection with the Exhibits to the bill, that the interest of said M. B. Grace as a party complainant, and that of Mrs. Eleanor Wilkinson Casey and Mrs. Hettie Ann Wilkinson, as complainants, are adverse, and under the circumstances the said M. B. Grace

is not properly available to appear for petitioner as her attorney in this proceeding.

"Wherefore, petitioner requests the Court to allow her to withdraw as a party complainant in this cause, and that her name be stricken as a party complainant herein.

"Griffin Lamkin
Attorney for Petitioner"

On the same day the trial court rendered a decree granting the petition of Mrs. Hettie Ann Wilkinson to withdraw as party complainant. The complainant, M. B. Grace, seems to have acquiesced in that action, for on July 1, 1949, as attorney for the remaining complainants, himself and Mrs. Casey, he filed an amendment to the bill adding Mrs. Hettie Ann Wilkinson as a party respondent. The prayer of the bill was amended to meet this change in parties.

On August 10, 1949, Mrs. Hettie Ann Wilkinson filed her motion to strike the amendment to the bill of complaint making her a party respondent, or in the alternative to strike M. B. Grace as a party complainant. This motion to strike was overruled by the trial court on September 15, 1949.

Thereafter, on September 28, 1949, Mrs. Hettie Ann Wilkinson filed a demurrer to the bill of complaint as amended. The demurrer contained numerous grounds and was directed to the bill as a whole and to its so-called aspects. The trial court on December 27, 1949, sustained the demurrer generally without specifying the grounds thought to be well taken. A decree sustaining a demurrer generally is construed as sustaining the demurrer to the bill as a whole. Ellis v. Stickney, 253 Ala. 86, 42 So.2d 779; Florence Gin Co. v. City of Florence, 226 Ala. 478, 147 So. 417, and cases cited.

On January 30, 1950, complainants filed an amendment to the bill, which amendment reads:

"Come the complainants in the above cause and amend the bill of complaint, as last amended, as follows:  By

amending the caption of said bill of complaint by striking M. B. Grace as a party complainant in said cause.

"Complainants further amend the bill of complaint as last amended, as follows: Amending paragraph '5' of the bill of complaint as follows: By striking the following words and figures from said paragraph where said words and averments first appear immediately following the words 'joint owners' in the 6th line of said paragraph, said words and figures stricken being as follows: 'And each of the said parties made and executed a contract with M. B. Grace wherein it was agreed and stipulated that M. B. Grace shall have a one-third interest in the interest of each of said parties in said land or the proceeds arising from the sale of it, as his attorney's fee for representing the * * * in said proceedings.'

"Complainants further amend the bill of complaint, as last amended, by amending paragraph '7' of the bill of complaint, as follows: By striking all of the words and figures immediately follow—* * * the semicolon in the paragraph, to-wit: 'that 2/3 of the proceeds arising from the sale thereof be paid to Mrs. Hettie Ann Wilkinson and 1/3 be paid to Mrs. Eleanor Wilkinson; that M. B. Grace be decreed to have a 1/3 interest in the interest of Mrs. Hettie Ann Wilkinson and a 1/3 interest in the interest of Mrs. Eleanor Wilkinson Casey, and the interest of all interested parties be adjudicated and settled by the decree of this court' and in lieu of the words and figures so stricken by averring as follows: that by agreement between Mrs. Hettie Ann Wilkinson and Mrs. Eleanor Wilkinson Casey, Mrs. Hettie Ann Wilkinson shall have a two-thirds (2/3) undivided interest in said land and Mrs. Eleanor Wilkinson Casey shall have a one-third (1/3) undivided interest in said land, or in the proceeds arising from the sale thereof; that at the time said agreement was entered into, Mrs. Hettie Ann Wilkinson and Mrs. Eleanor Wilkinson Casey had no knowledge of the judgment liens and the tax liens against Carl W. Wilkinson, which were of record in the office of probate judge of Jefferson County, Alabama, and which liens affect the title to said land; that it is necessary that the said land be sold, or that commissioners be appointed by the court to carve out a certain quantity of said land which would be equal to the interest that Carl W. Wilkinson had in said land and it be sold to satisfy the judgment liens and the tax liens which are not barred by the statute of limitation, and the amount of money arising therefrom be divided between the judgment lienors and the tax lienors which appear of record in the office of the probate judge of Jefferson County, Alabama; that the said real estate is so situated, after the portion is carved out of the whole to be sold to satisfy the judgment and tax liens has been sold, the remainder of said land be sold and the proceeds arising from the sale of it be divided in accordance with said agreement, to-wit, two-thirds to Mrs. Hettie Ann Wilkinson and one-third to Mrs. Eleanor Wilkinson Casey.

"M. B. Grace
Solicitor for Complainants"

By this amendment M. B. Grace removed himself as one of the parties to the litigation. The sole remaining complainant was Mrs. Eleanor Wilkinson Casey and no question of an attorney's lien remained in the bill, although the prayer in that respect was not amended out.

After the bill was amended by striking M. B. Grace as a party complainant, the respondent Mrs. Hettie Ann Wilkinson on February 23, 1950, filed a motion to require security for costs by Mrs. Eleanor Wilkinson Casey who, as before indicated, was at that time the only party complainant and, according to the averments of the motion, was a nonresident of the state. A decree granting the motion to require security for costs was entered on March 3, 1950. On March 31, 1950, the register

approved security for costs in the name of Mrs. Eleanor Wilkinson Casey, by M. B. Grace, her attorney, and the Commercial Casualty Insurance Company.

On May 15, 1950, Mrs. Eleanor Wilkinson Casey filed a petition, through an attorney other than Mr. Grace, praying that she be allowed to withdraw as a party complainant, which petition is as follows:

"Comes Mrs. Eleanor Wilkinson Casey, whose name appears as a party complainant in the above-styled cause, and avers and shows unto the Court as follows:

"That she formerly resided in or near Birmingham, Alabama, but is now and has been ever since the year 1945 a non-resident of Alabama and a resident of the State of New York.

"That she has recently been advised that the above-styled suit was filed in her name as a party complainant seeking the sale for division of certain lands described in the bill of complaint, in which Petitioner has an interest; that said suit was filed by M. B. Grace, Attorney, who purports to represent her in said proceeding.

"Petitioner says that she never employed or authorized said M. B. Grace to file said suit in her behalf; that the last time she saw said M. B. Grace was many years prior to her removal from the State of Alabama, as aforesaid.

"'That she has received letters from said Grace in regard to the land, the last one, according to Petitioner's recollection, in 1947, but she did not comprehend what he was writing about and requested that he talk with her father; that she had not intended to or knowingly authorized the use of her name to effect the sale of said land through said court proceeding; that Petitioner does not desire that said land be sold as is sought to be done in said proceeding.

"Wherefore, Petitioner requests the Court to allow her to withdraw as a party-complainant in said cause, and that her name be stricken as a party-complainant herein.

"Rogers H. Bite
Attorney for Mrs. Eleanor
Wilkinson Casey"

On May 16, 1950, Mrs. Hettie Ann Wilkinson filed a demurrer to the bill as last amended.

On May 19, 1950, M. B. Grace filed his motion for intervention, which reads as follows:

"Comes M. B. Grace, and moves the court to enter an order allowing him to intervene in the above cause, and shows unto the Court the following facts, to-wit:

"1. That he has an interest in the subject-matter of the litigation, to-wit, the real estate alleged to be owned by the complainant and the respondent, Mrs. Hettie Ann Wilkinson.

"2. That your movant is an attorney and was an attorney practicing at the Birmingham, Alabama bar on, to-wit, the 14th, and 20th, of October, 1942; that on, to-wit, said dates Mrs. Eleanor Wilkinson Casey and Mrs. Hettie Ann Wilkinson were joint owners or jointly interested in the following described property, to-wit:

"Lots 5, 6, 7, and 15 according to the map and plat made by the commissioners and denominated 'Wilkinson Addition to New Merkle' a copy of said map and plat is recorded in Map Book 24, on page 23 of Map Book in the office of Judge of Probate of Jefferson County, Alabama and being situated in the Northeast quarter of Section 22, Township 18, Range 2 West, situated in Jefferson County, Alabama.

"and on, to-wit, the aforesaid dates, Mrs. Eleanor Wilkinson Casey and Mrs. Hettie Ann Wilkinson employed the said M. B. Grace to file and prosecute a suit in the probate court of Jefferson County, Alabama for partition or for sale of said property for division of the proceeds arising from the

sale of said real estate; that said suit was filed by M. B. Grace as attorney representing each of said joint owners; that the said joint owners of said property not being financially able to employ an attorney to represent them in said proceedings, made and executed a written agreement employing M. B. Grace to represent them in a proceedings in the probate court of Jefferson County, Alabama partition for sale of the said real estate for division of the proceeds arising from sale of it among the joint owners thereof; that being unable financially to pay a fee certain, agreed to convey to M. B. Grace as his attorney's fee in said cause a one-third undivided interest in the interest of each of the parties in said land; that the interest of Mrs. Eleanor Wilkinson Casey arose in said land by way of dower interest of her deceased husband and the interest of Mrs. Hettie Ann Wilkinson arose by virtue of her being the only surviving parent of Robert Milton Wilkinson, deceased; that said suit was filed in the probate court and in the prosecution of said action, in accordance with the ruling of the judge of probate, the brothers and sisters of Robert Milton Wilkinson made and executed a deed conveying to their mother, Mrs. Hettie Ann Wilkinson, all the right, interest and title which they may have in and to said property and Mrs. Hettie Ann Wilkinson made and executed a deed conveying to Mrs. Eleanor Wilkinson Casey a one-third undivided interest in said land; that it was decided and mutually agreed by the interested parties, after the order of sale was made and entered by the probate court, on account of the condition of the real estate market in Birmingham and vicinity to postpone the execution of the order of sale; that thereafter it was discovered that there were a number of judgments and liens recorded in the office of probate judge of Jefferson County, Alabama against Carl W. Wilkinson, one of the grantors in the deed conveying all of his right, interest and

title to said property to Mrs. Hettie Ann Wilkinson and the probate court could not convey a good title to a purchaser of said land and that the probate court did not have jurisdiction clear the title to said property of said judgments and tax liens, and it was agreed to file suit in the equity division of the Circuit Court of Jefferson County, Alabama under section 204, Title 47, Code of 1940, and in accordance therewith, the suit in the probate was dismissed and suit filed in the Circuit Court of Jefferson County, Alabama for an order of sale of such portion of said real estate as would be the interest of Carl W. Wilkinson in said land and for decree relieving the remainder of said real estate of said judgment liens and tax liens and for sale of said land for division of the proceeds arising from sale of it among the interested parties.

"3. The parties, Mrs. Hettie Ann Wilkinson and Mrs. Eleanor Wilkinson Casey were advised of the fact the probate court did not have jurisdiction to relieve the land of the judgment and tax liens and were advised of the necessity of filing suit in the circuit court to clear the title to the property of said judgment and tax liens and authorized the suit filed in circuit court as aforesaid; that during the pendency of said suit Mrs. Hettie Ann Wilkinson has filed a motion to strike her name as a party complainant, averring therein she did not authorize her name to be used as a party complainant but she does not repudiate the agreement executed by her dated October 20, 1942; that said agreement contains the following words and figures: 'The said M. B. Grace shall have authority to sign all papers, swear to all papers as my attorney, in all things and matters connected with said land as herein described, and to do all things necessary in the prosecution of said suit' and the same words and figures is a part of the agreement signed by Mrs. Eleanor Wilkinson Casey; that Mrs. Eleanor Wilkinson Casey in her

motion says and contends she did not comprehend what M. B. Grace, as her attorney was writing her about and that she has not intended to or knowingly authorized the use of her name to effect the sale of said land through said court proceedings, etc.

"4. The said M. B. Grace shows unto the court that he has a property interest in said land and it is necessary that he be allowed to intervene in the cause against the joint owners of said real estate and become a party in said cause; that the title to said land is clouded by said judgments and tax liens and no sale of the land may be perfected without a decree of the equity court and he has as solicitor for said parties been prosecuting the said suit in good faith for the benefit of said parties and in their interest.

"The Premises Considered, your petitioner and movant prays that an order may be made and entered in the cause allowing him to intervene and become a party to said cause, and prays for such other and further relief as may seem to the Court to be meet and proper.

"M. B. Grace
Petitioner and Movant"

On the same day, M. B. Grace filed an answer to the motion or petition of Mrs. Eleanor Wilkinson Casey to be permitted to withdraw as a party complainant. The matters and things set up in this answer to the motion are in all material respects identical with the averments of the motion for intervention, which has been set out above.

On June 2, 1950, the complainant Mrs. Eleanor Wilkinson Casey and the respondent, Mrs. Hettie Ann Wilkinson, joined in filing a motion to strike the motion of M. B. Grace to be permitted to intervene. This motion to intervene was filed in open court.

Evidence was taken orally before the trial court and consisted in the main of testimony of M. B. Grace in behalf of himself and Mrs. Hettie Ann Wilkinson in behalf of herself and the complainant Mrs. Eleanor Wilkinson Casey. A number of documents were also introduced in evidence.

On August 15, 1950, the trial court rendered a decree striking Mrs. Eleanor Wilkinson Casey as a party complainant, denying the motion for intervention filed by M. B. Grace, and dismissing the bill. The costs were taxed against Mrs. Eleanor Wilkinson Casey.

M. B. Grace on September 20, 1950, gave security for costs of appeal to this court from the decree of August 15, 1950. He has made eight assignments of error. They are as follows:

"1. The court below erred in granting the petition or motion of Hettie Ann Wilkinson to strike her as a complainant in the cause.

"2. The court below erred in sustaining the demurrer of Hettie Ann Wilkinson to the bill of complaint, as amended.

"3. The court below erred in granting the petition or motion of Mrs. Eleanor Wilkinson Casey to strike her as a party complainant in the cause.

"4. The court below erred in entering the order or decree dated August 15, 1950 striking Mrs. Eleanor Wilkinson Casey as a party complainant in the cause.

"5. The court below erred by making and entering the order of August 15, 1950 denying M. B. Grace the right to intervene in the cause and to become a party in said cause.

"6. The court below erred by entering an order dismissing the cause out of court.

"7. The court below erred by rendering judgment against Mrs. Eleanor Wilkinson Casey for court costs in said cause and ordering the issuance of execution for the collection of said costs.

"8. The court below erred in making and entering the decree dated March 28, 1949 (page 23 of Tr.) striking Hettie Ann Wilkinson as a party complainant in the cause."

Evidently uncertain as to whether appeal is a proper method of securing a review of the decree appealed from, Mr. Grace has presented the case in this court both by appeal and on petition for alternative writ of mandamus.

By his petition for alternative writ of mandamus, appellant-petitioner seeks to have this court issue an order requiring the trial court to take the following action: (1) Set aside and vacate the decree of March 28, 1949, allowing Mrs. Hettie Ann Wilkinson to withdraw as a party complainant and enter a decree denying her petition to be permitted to withdraw; (2) set aside and vacate that part of the decree of August 15, 1950, striking Mrs. Eleanor Wilkinson Casey as a party complainant and enter a decree denying her motion to be so stricken; (3) set aside and vacate the decree of August 15, 1950, dismissing the cause.

■ Appellant-petitioner, in our opinion, has no right to have this court review by appeal or mandamus those rulings of the trial court of which he complains and which were entered prior to January 30, 1950, the day on which he filed an amendment to the bill which removed him from the litigation as a party. So, even if it be assumed that if Mr. Grace had been a party to the litigation at the time the decree appealed from was rendered he could have those antecedent rulings reviewed on appeal from a final decree or by mandamus, having removed himself from the litigation, he is not entitled to complain of those orders or decrees. We thus dispose of those rulings of the trial court which are made the basis of assignments of error 1, 2, and 8.

■ Likewise, appellant-petitioner has no right to complain of the action of the trial court in taxing the costs against Mrs. Eleanor Wilkinson Casey. Such action did not affect him adversely.

We come now to consider assignment of error 5, which relates to the action of the trial court in denying the intervention sought by Mr. Grace.

In several cases where the question was not considered, this court has seemingly recognized that mandamus is the proper remedy where intervention has been denied. Ex parte Breedlove, 118 Ala. 172, 24 So. 363; Ex parte Printup, 87 Ala. 148, 6 So. 418; Reynolds v. Crook, 95 Ala. 570, 11 So. 412. But the later cases hold that a judgment or decree denying the right of intervention is appealable. Ex parte Gray, 157 Ala. 358, 47 So. 286; Weller & Sons v. Rensford, 164 Ala. 312, 51 So. 344; Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 20 So.2d 220, 157 A.L.R. 154. Cf. Ramsey v. Wilkins, 253 Ala. 614, 43 So.2d 407.

Intervention in an equity case is regulated by the provisions of Equity Rule 37, Code 1940, Tit. 7 Appendix, which provides in pertinent part as follows:

"By petition *filed by leave of the court on motion, and on notice to the parties of record of the hearing of the motion as prescribed by the court,* any one shall be permitted to intervene * * *.

"The petition shall set forth the ground for intervention and the facts supporting them; and *the court shall prescribe in the order allowing the filing,* the time allowed other parties to demur to or to answer the petition if so advised, and testimony may be taken thereon, if the averments require proof." (Emphasis supplied.)

■ It is clear that this rule contemplates that before the petition for intervention can properly be filed, leave of the court to file it must be obtained by making a motion to be permitted to file the petition and notice given to the parties that a hearing will be had on the motion as the trial court shall prescribe.

The provision that leave of the court is to be obtained before the petition for intervention is filed is not new to Equity Rule 37.

In Ex parte Gray, 157 Ala. 358, 363–364, 47 So. 286, 287, it was said:

"There seems to be some confusion in the minds of the profession as to the proper practice in cases of intervention. The greater number of the cases in the books, including those referred to by

counsel, are based upon statutes in the various states providing for intervention. It seems that the regular and orderly course of procedure is first to file an application for leave to file a petition of intervention, of which the parties to the suit should have notice. This is determined from the face of the application. If the allegations of the application show a case in which intervention should be allowed, the leave is granted. The petition for intervention is then filed, on which the court examines the petition and answer, and such testimony, by affidavit or otherwise, as may be produced, and determines the question as to whether the petitioner shall be allowed to intervene and become a party to the suit. * * *"

In Weller & Sons v. Rensford, supra, 164 Ala. 314–315, 51 So. 344, Mr. Justice Anderson, writing for the court, observed:

"* * * It may be that this last petition was intended as one for intervention, notwithstanding it asks for many other things; but it does not appear that leave was first asked or obtained to file same. 'A party desiring to intervene should first obtain leave from the court to file his petition.' 11 Encyc.Pl. & Pr. 504; Ex parte Gray, 157 Ala. 358, 47 So. 286. It not appearing that leave was obtained to file these petitions, the chancellor will not be put in error for dismissing same, upon motion of the respondent to strike or dismiss said petition."

As before indicated, on May 19, 1950, Mr. Grace filed what is termed a "motion for intervention." However, under the averments and the prayer it is not a motion seeking leave to file a petition for intervention, but is a petition for intervention, which was filed without any order of the trial court granting leave to file.

 It not appearing that leave was obtained to file a petition for intervention, under the rule announced in the case of Weller & Sons v. Rensford, supra, the trial court will not be put in error for denying intervention.

 Since there was no reversible error on the part of the trial court in denying to Mr. Grace the right to intervene, then he is not in a position to assign as error or complain of the decree in so far as it struck Mrs. Eleanor Wilkinson Casey as a party complainant and dismissed the cause. Weller & Sons v. Rensford, supra.

The decree of the trial court is affirmed.

Affirmed.

LIVINGSTON, C. J., and BROWN and STAKELY, JJ., concur.