358

82 So.2d 546

**Loren W. ROLLINS**

v.

**J. H. DEASON.**

**6 Div. 851.**

Supreme Court of Alabama.

Sept. 22, 1955.

Selman & Beaird, Jasper, for appellant.

Arthur Fite, Sr., Chas. Tweedy, Jr., and Hoyt Elliott, Jasper, for appellee.

GOODWYN, Justice.

This is an appeal from a decree of the circuit court of Walker County, in Equity, denying the petition of appellant,

Loren W. Rollins, to be allowed to intervene in an injunction proceeding pending in that court wherein J. H. Deason is complainant and the members of the County Board of Supervisors, charged with canvassing the County election returns, are respondents. There seems to be no question that the decree denying the right of intervention is appealable. Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 517, 59 So.2d 595; Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 248, 20 So.2d 220, 157 A.L.R. 154; Weller & Sons v. Rensford, 164 Ala. 312, 315, 51 So. 344; Ex parte Gray, 157 Ala. 358, 364, 47 So. 286, 131 Am.St.Rep. 62.

Deason alleges in his complaint, filed on November 8, 1954, that he is the duly appointed and qualified holder of the office of Member of the County Board of Revenue for District No. One; that his term of office expires in January, 1956; that in the general election held on November 2, 1954, there were seventy-six write-in votes for one Arthur Smith for said office even though no lawful election was being held to fill said office in said election; that the respondents, as the official canvassers of the vote, are about to meet and declare the said Arthur Smith elected to said office. A temporary injunction was issued, as prayed for, on the same day the bill was filed, restraining the canvassing board from so acting. On December 6, 1954, Rollins, as a voter and taxpayer, filed a petition to be allowed to intervene in the proceedings so that he could resist Deason's effort to permanently restrain the canvassing board. He alleged in his petition that, in addition to being a taxpayer, he voted for Smith in the election and thus has an interest in seeing that Smith's election is upheld. Deason's motion to dismiss the petition was granted and Rollins prosecutes this appeal from the decree of dismissal. Submission was had on March 22, 1955.

We are not here concerned with the merits of Deason's bill of complaint. The only question presented is whether Rollins has made out a case for intervention, assuming, without deciding, that Deason's bill has equity.

Code 1940, Tit. 7, § 247, provides as follows:

"§ 247. Intervention, when it takes place, and how made.—Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the ground upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared, who may answer or demur to it as if it were an original complaint."

Equity Rule 37, Code 1940, Tit. 7, Appendix, is as follows:

"Intervention. By petition filed by leave of the court on motion, and on notice to the parties of record of the hearing of the motion as prescribed by the court, any one shall be permitted to intervene in a suit when the representation of the petitioner's interest by existing parties is or may be inadequate, and the applicant is or may be prejudiced by a decree in the suit, or when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or on other grounds which the court may deem sufficient.

"The petition shall set forth the ground for intervention and the facts supporting them; and the court shall prescribe in the order allowing the filing, the time allowed other parties to demur to or to answer the petition if

so advised, and testimony may be taken thereon, if the averments require proof."

From 39 Am.Jur., Parties, § 55, pp. 928–929, is the following statement concerning the nature of an intervention:

"* * * In legal terminology, 'intervention' is the proceeding by which one not originally a party to an action is permitted, on his own application, to appear therein and join one of the original parties in maintaining the action or defense, or to assert a claim or defense against some or all of the parties to the proceeding as originally instituted. Stated in another way, 'intervention' is the admission by leave of court of a person not an original party to the pending legal proceeding, by which such person becomes a party thereto for the protection of some right or interest alleged by him to be affected by such proceeding."

In Grace v. Birmingham Trust & Savings Co., 257 Ala. 507, 517, 59 So.2d 595, 605, it is said that "Intervention in an equity case is regulated by the provisions of Equity Rule 37", supra. However, we have also held that the intervention statute § 247, Tit. 7, supra, applies to proceedings in equity as well as to actions at law. Dodd v. Deepwater Coal & Iron Corporation, 233 Ala. 392, 393, 171 So. 732; Fisher v. Bankers' Fire & Marine Ins. Co., 229 Ala. 173, 177, 155 So. 538, 542. In this connection, it is to be noted that both the Rule and the statute, in essence, provide for intervention by one who has an "interest" in the matter in litigation. So, the point for decision is whether Rollins, in his capacity as a voter and taxpayer, has such an interest in the matter in litigation as to give him the right to become a party to the suit by intervening therein. In the Fisher case,

supra, it is said that the statute "is purely procedural in character, and does not create a cause of action or give a right of intervention where the party seeking to intervene otherwise has no cause of action." We see no reason why the same can not be said of Rule 37.

Appellant's insistence is that since he is a voter and taxpayer, and voted for Arthur Smith in the election, he has such interest in the matter in litigation as to give him the right to intervene as a party; and that he has such right for the further reason that respondents "are not exerting any effort to adequately resist the writ of injunction" and are not adequately representing his said interest.

It seems to be the general rule that where an applicant "is neither a necessary nor a proper party, intervention is not permissible." 67 C.J.S., Parties, § 56, p. 981. Clearly, it cannot be said that appellant is a necessary party to the injunction proceeding; and we do not perceive any basis for saying that he is a proper party. His alleged right or interest is political, in common with the right or interest of other voters and taxpayers of Walker County, and is not something which might be subject to adjudication in the pending suit. Any decree rendered therein against the respondents could not operate against appellant in any respect. It seems to us that if there is any basis for appellant's participation in the suit it is as an amicus curiae and not as a party.

The decree appealed from is due to be, and is, affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and MAYFIELD, JJ., concur.