110 So.2d 287

**Charles C. SMITH et al.**

**v.**

**George W. PALMER et al.**

**4 Div. 966.**

Supreme Court of Alabama.

March 19, 1959.

A. A. Smith, Hartford, and L. A. Farmer, Dothan, for appellants.

H. K. & J. F. Martin, Dothan, for appellee-intervener.

GOODWYN, Justice.

The question in this case concerns the sufficiency of a bill of intervention as against a demurrer interposed thereto by the respondents in the original proceeding. The appeal is brought by the respondents from a decree overruling their said demurrer. We have held that an interlocutory decree of this nature is appealable. Gipson v. Hyatt, 243 Ala. 118, 119, 8 So.2d 926; Tillery v. Commercial Nat. Bank of Anniston, 241 Ala. 653, 655, 4 So.2d 125; Cortner v. Galyon, 223 Ala. 405, 406, 137 So. 30; Code 1940, Tit. 7, §§ 247, 755; Equity Rule 37, Code 1940, Tit. 7 Appendix. Cf. Rollins v. Deason, 263 Ala. 358, 359, 82 So.2d 546; Ramsey v. Wilkins, 253 Ala. 614, 617, 46 So.2d 407; Willingham v. Hood, 242 Ala. 686, 687–688, 8 So.2d 181.

The complainants in the original bill were George W. and Belma E. Palmer. We will refer to them hereinafter as "complainants." The respondents in the original suit were Charles C. Smith, individually, and Charles C. Smith and Gladys V. Smith, partners, doing business as Charles C. Smith & Co. They will be referred to herein as "respondents." The bill of intervention was filed by Williams-Richardson Company, a corporation, which will be referred to herein as "intervener."

The original bill was filed by complainants against respondents on January 11, 1956. It alleges that complainants are the owners of certain lands (described in the bill) located in Houston and Geneva Counties, Alabama; that on March 28, 1950, they executed a mortgage to Charles C. Smith covering said property in the amount of $8,000, which mortgage was duly recorded in Houston County; that on February 12, 1954, they executed a mortgage to Charles C. Smith & Co., a partnership composed of Charles C. Smith and Gladys V. Smith, in the amount of $10,936, which mortgage was duly recorded in the office of the Judge of Probate of Houston County; that the later mortgage was for payment in

full of the first mortgage. The bill then alleges the following:

"That in April 1954 plaintiffs transferred the business known as Palmer's in Slocomb, Alabama, consisting of a stock of merchandise, accounts receivable, books and records to Charles C. Smith and as the consideration for said transfer, Charles C. Smith agreed to assume and pay all indebtedness of said business and to receive all accounts receivable. That at the time of the transfer of said business Charles C. Smith was indebted to said business in the amount of $9500.00 for merchandise sold to him, which indebtedness constituted a large portion of the accounts receivable of said business. Plaintiffs aver that Charles C. Smith has not satisfied the accounts payable of said business and has not credited said Mortgage with said $9500.00 owed by him to plaintiffs, and that several judgments resulting from said accounts payable of said business have been obtained against plaintiffs, which judgments have been filed for record in the Office of the Judge of Probate of Houston and Geneva Counties, Alabama, constituting liens upon said lands. Plaintiffs aver that defendants are indebted to plaintiffs in a sum in excess of $5000.00, as a result of defendant, Charles C. Smith, having failed to carry out his said agreement to pay said accounts payable and in the further sum in excess of $5,000.00 owed by him and others to said business at the time of transfer. Plaintiffs aver that although they have made demand upon defendant, Charles C. Smith, for an accounting of the amount due on said mortgages said defendant refused and continues to refuse to comply with said demand, but instead is causing a foreclosure notice to be published in the Houston Herald that on January 16, 1956, said Mortgages will be foreclosed and said lands sold to the highest bidder at the Courthouse in Dothan, Alabama.

"Plaintiffs further aver that a foreclosure sale as advertised will be a useless and unnecessary expense, in that they are ready, willing and able to pay whatever amount may be found due upon their Mortgage indebtedness after credits and allowances have been made for the amounts due Plaintiffs by Defendant and to pay such balance as may be ascertained by this Court to be due, and Plaintiffs hereby offer to do equity by paying the amount ascertained to be due, if any, by this Court, and therefore file this bill for an accounting and redemption under said Mortgages."

In substance, the prayer is for an accounting to ascertain whether respondents have been paid more than the mortgage indebtedness due and, if so, that a judgment be rendered in favor of complainants against respondents for such excess. On the other hand, if it be found that the mortgage indebtedness has not been paid, then, in that event, the prayer is that the mortgage indebtedness be ordered satisfied upon payment by complainants of the amount found by the court to be due on said indebtedness.

Respondents' demurrer to the bill being overruled, they then filed, on April 14, 1956, an answer to the bill denying any indebtedness to complainants and averring that the mortgages were foreclosed on January 16, 1956, in accordance with the advertisement. The answer admitted "that several judgments resulted from said accounts payable of said business [known as Palmer's in Slocomb, Alabama] have been obtained against plaintiffs [complainants], which judgments have been filed for record in the offices of the Judges of Probate of Houston and Geneva Counties, Alabama, constituting liens upon said lands."

On December 7, 1957, intervener filed a motion for leave to intervene in the suit.

Respondents' demurrer to the motion was overruled and an order was entered granting intervener's motion. Thereupon, on December 17, 1957, intervener filed its petition of intervention alleging, in substance, as follows: That complainants executed said mortgages to the respondents; that after complainants filed their bill respondents foreclosed on the property in controversy, which was a useless and unnecessary expense; that intervener is interested in the accounting and redemption called for in the complainants' bill because intervener has a recorded judgment against complainants dated June 22, 1954, which has not been paid; that said judgment creates a lien on all of complainants' property. The prayer is for a foreclosure of intervener's lien and sale of the property and that "an accounting be held by the Register, after said sale is had to ascertain and report to the Court, what amount if any is due by the plaintiffs to the defendants under said mortgages, and if anything is due under said mortgages to apply the proceeds of sale first to said mortgages, if they are first, and thereafter to all lien holders or owners thereof on said property, according to their priorities as ascertained and reported by the Register to the Court." There is also a prayer for general relief.

A decree was rendered overruling respondents' demurrer to the bill of intervention. This appeal is from that decree.

The question presented is whether intervener has such an interest in the suit as to entitle it to intervene.

Respondents take the position that, after foreclosure of the mortgages, the rights of intervener were governed by § 735, Title 7, Code 1940, and that the bill of intervention is not framed to secure for intervener any statutory rights or any legal or equitable rights, so far as respondents are concerned.

Code 1940, Tit. 7, § 247, provides as follows:

"Any person may, before the trial, intervene in an action or proceeding, who has an interest in the matter in litigation, in the success of either of the parties, or an interest against both. An intervention takes place when a third person is permitted to become a party to an action or proceeding between other persons, either by joining the plaintiff in claiming what is sought by the complaint, or by uniting with the defendant in resisting the claims of the plaintiff, or by demanding anything adversely to both the plaintiff and the defendant, and is made by complaint, setting forth the ground upon which the intervention rests, filed by leave of the court and served upon the parties to the action or proceeding who have not appeared and upon the attorneys of the parties who have appeared who may answer or demur to it as if it were an original complaint."

Equity Rule 37, Code 1940, Tit. 7 Appendix, is as follows:

"Intervention. By petition filed by leave of the court on motion, and on notice to the parties of record of the hearing of the motion as prescribed by the court, any one shall be permitted to intervene in a suit when the representation of the petitioner's interest by existing parties is or may be inadequate, and the applicant is or may be prejudiced by a decree in the suit or when the applicant is so situated as to be adversely affected by a distribution or other disposition of property in the custody of the court or of an officer thereof; or on other grounds which the court may deem sufficient.

"The petition shall set forth the ground for intervention and the facts supporting them; and the court shall prescribe in the order allowing the filing, the time allowed other parties to demur to or to answer the petition if so advised, and testimony may be taken thereon, if the averments require proof."

We have held that § 247, Tit. 7, supra, "applies to proceedings in equity as well as to actions at law" and that "both the Rule and the statute, in essence, provide for intervention by one who has an 'interest' in the matter in litigation." Rollins v. Deason, 263 Ala. 358, 360, 82 So.2d 546, 548, supra, and cases there cited. Intervener's recorded judgment against complainants created a lien on complainants' property (§ 585, Tit. 7, Code 1940), including any equity of redemption held by complainants. Section 519, Tit. 7, Code 1940. Generally, a lien on property which is the subject of litigation gives the lienholder a right to intervene in the action. 39 Am.Jur., Parties, § 66, p. 938.

As already noted, respondents contend that intervener has its remedy under § 735, Tit. 7, which permits a redemption of the property. The original bill also seeks a redemption by complainants. Intervener and complainants also seek an accounting. If we follow respondents' contention there could result a multiplicity of suits. The intervention statute "was evidently intended to expedite and economize in litigation by permitting parties interested in the subject-matter to adjust the matter in one instead of by several suits." Franklin v. Dorsey-Jackson Chevrolet Co., 246 Ala. 245, 248, 20 So.2d 220, 223, 157 A.L.R. 154; Dodd v. Deepwater Coal & Iron Corporation, 233 Ala. 392, 393, 171 So. 732. If complainants are allowed to redeem the property (Beasley v. Ross, 234 Ala. 335, 174 So. 764; Macke v. Scaccia, 222 Ala. 359, 132 So. 880), then intervener can enforce his lien against the property in this proceeding. Section 585, Tit. 7, Code 1940. If complainants do not redeem, then intervener may redeem under its prayer for general relief. In both situations the whole controversy can be settled in one suit.

The decree of the lower court is due to be affirmed.

Affirmed.

LIVINGSTON, C. J., and SIMPSON and COLEMAN, JJ., concur.